MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOHN D. CLOPPER*
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel.: (212) 637-2716
Fax: (212) 637-0033
* Authorized to represent the United States in this District.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
YEMISI AKINYEMI,                                :
                Plaintiff,          :
                                                :       ECF CASE
            v.                                  :
                                                :       07 CV 4048 (CM) (AJP)
MICHAEL CHERTOFF, SECRETARY,                    :
DEPARTMENT OF HOMELAND                          :
SECURITY,                                       :
                                                :       ANSWER
                Defendant.          :
                                                :
---------------------------------------------------------------x

       Defendant Michael Chertoff, Secretary, Department of Homeland Security ("the Department of Homeland Security" or "Defendant"), by and through his attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the Complaint of Plaintiff Yemisi Akinyemi as follows:

       1.      Paragraph 1 of the Complaint sets forth Plaintiff's characterization of this action and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

       2.      Paragraph 2 of the Complaint sets forth Plaintiff's allegations of jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is African American, and admits that Plaintiff was terminated, effective December 22, 2005, from her position at U.S. Customs and Border Protection, a part of the U.S. Department of Homeland Security.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that on December 20, 2005, the date that U.S. Customs and Border Protection issued its decision terminating the Plaintiff's employment, and some other time periods relevant to this action, Susan T. Mitchell was the Director of Field Operations for the New York office of U.S. Customs and Border Protection.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Susan T. Mitchell is a Caucasian female, and whose business office is presently located at One Penn Plaza, New York, NY.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that Kathleen Haage-Gaynor was the Area Director, Newark/New York Seaport for Customs and Border Protection during some time periods relevant to this action.

8. Defendant admits the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, and

avers that Plaintiff was hired by U.S. Customs and Border Protection, on or about December 29, 2003, as a Customs Inspector.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits that

subsequent to the events of December 5, 2005, Plaintiff was asked by Lorraine Spina to provide a written statement regarding the events of December 5, 2005.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admits that on or about December 19, 2005, Plaintiff met with supervisory employees of U.S. Customs and Border Protection, during which meeting Plaintiff was provided with certain notices, including a "General Notice", a notice of "Kalkines Rights", and notice of "Weingarten Rights".

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, and avers that by letter dated December 20, 2005, U.S. Customs and Border Protection terminated Plaintiff's employment effective December 22, 2005, prior to the expiration of her two-year probationary period.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except admits that Susan T. Mitchell terminated Plaintiff's employment by letter dated December 20, 2005.

26. Paragraph 26 of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is required, Defendant admits that Plaintiff sought to challenge her termination administratively, but denies that such administrative challenge was adequate under applicable laws and regulations.

27. Defendant admits that the Department of Homeland Security issued a Final

Agency Decision on Plaintiff's discrimination complaint in a letter dated February 20, 2007, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits that prior to the incident on December 5, 2005, which led to her termination, Plaintiff had not received a written warning, reprimand, or other discipline in connection with her employment with U.S. Customs and Border Protection. Defendant denies that Plaintiff never had any job performance problems as an employee of U.S. Customs and Border Protection.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint incorporates by reference the allegations contained

in paragraphs 1 through 36 of the Complaint. Defendant answers by incorporating its responses, set forth in this Answer, to paragraphs 1 through 36 of the Complaint, as applicable.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint sets forth Plaintiff's demand for a jury trial to which no response is required.

## DEFENSES

### FIRST DEFENSE

Both Count I and Count II of the Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Count II of the Complaint fails to state a claim upon which relief can be granted because Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166), is the exclusive remedy for discrimination against employees of the federal government.

### THIRD DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiff failed to timely exhaust all available administrative remedies.

### FIFTH DEFENSE

Defendant's treatment of Plaintiff did not constitute prohibited discrimination on any basis.

- 7 -

### SIXTH DEFENSE

Actions taken by the Defendant, his agents and his employees, were motivated by legitimate, nondiscriminatory reasons, which were not pretextual.

### SEVENTH DEFENSE

Plaintiff has failed to demonstrate her damages.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages.

### NINTH DEFENSE

Punitive damages, sought by the Plaintiff in paragraph (c) of the Prayer for Relief, are not available in employment discrimination actions against the United States or its agencies.

### TENTH DEFENSE

Plaintiff cannot seek compensatory damages in excess of the statutory cap set forth in 42 U.S.C. § 1981a.

### ELEVENTH DEFENSE

This Court lacks subject matter jurisdiction over Count II.

WHEREFORE, Defendant, Michael Chertoff, Secretary of the Department of Homeland Security, having fully answered the allegations in the Complaint and set forth his defenses, respectfully requests this Court to enter judgment in favor of Defendant, dismissing the Complaint, awarding Defendant his costs for the defense of the action, and awarding him such other relief as this Court considers just and proper.

Dated: New York, New York
July 26, 2007

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York

By:   /s/ John D. Clopper
       JOHN D. CLOPPER*
       Assistant United States Attorney
       86 Chambers Street
       New York, New York 10007
       Telephone: (212) 637-2716
       Facsimile: (212) 637-0033
       Email: john.clopper@usdoj.gov
       * Authorized to represent the United States in this District.

TO:   K.C. Okoli (KO-7222)
      330 Seventh Avenue
      15th Floor
      New York, NY 10001
      Tel: (212) 564-8152
      *Counsel for Plaintiff*