MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2716
Facsimile: (212) 637-0033

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
YEMISI AKINYEMI,

        Plaintiff,

        v.

MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,

        Defendant.
-----------------------------------------x

07 Civ. 4048 (SM) (AJP)

**CONFIDENTIALITY ORDER**

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain documents and information that may be or have been disclosed by the parties in the course of discovery proceedings.

1. As used in this Confidentiality Order, the term "Confidential Information" includes any documents or information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which has been designated as "confidential" by the party disclosing it, in one or more of the following ways:

[handwritten annotation: on joint findings of containing trade secrets or other proprietary ... Page 1 of 6 ... (F.R.C.P. 26(c)),]

      (a)    Information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer.

      (b)    Information contained in any document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

      (c)    Information contained in an answer to any question asked during an oral deposition may be so designated by (i) a statement made on the record during the course of the deposition and on the same day that the answer is given or (ii) giving written notice to counsel for the opposing party within 15 days of receipt of the deposition transcript.

2.    Confidential Information disclosed to an opposing party or its counsel during the course of discovery proceedings in this action:

      (a)    Shall be used by the opposing party and counsel only for purposes of this action.

      (b)    Shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes.

      (c)    Shall be disclosed by the opposing party or its counsel only to the following persons:

          (i) The opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party.

          (ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party.

(iii) Independent (non-employee) expert witnesses or advisors (including investigators) retained by the opposing party in connection with this action.

(iv) Officers and managerial or supervisory personnel of the opposing party.

(v) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(vi) Such other persons as hereafter may be authorized by the Court upon motion of either party.

3. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within categories (ii), (iii), (iv) and (vi) of paragraph 2(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Confidentiality Order shall not be construed as preventing:

(a) Any disclosure of Confidential Information by the party that designated the information as such.

(b) Any disclosure of Confidential Information to any judge, magistrate, or employee of this Court for purposes of this action. 

(c) Any disclosure of Confidential Information by the United States Attorney's Office for the Southern District of New York for the purpose of fulfilling its law enforcement responsibilities.

5. Any party planning to file with the Court any pleadings, motions or other papers disclosing Confidential Information provided by another party shall give no less than seven calendar days' prior notice to the party that provided the Confidential Information identifying the Confidential Information that would be disclosed. The party that provided the Confidential Information may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the party that provided the Confidential Information bears the burden of demonstrating that the papers or confidential portions thereof should be filed under seal. Upon the filing of an application under this paragraph, the papers in question shall not be filed *only* until the Court renders a decision on that application. In addition, a party planning to file with the Court any pleadings, motions or other papers disclosing its own Confidential Information may also make an application to the Court requesting that papers or confidential portions thereof be filed under seal. [handwritten: Any document filed under seal, or a redacted copy shall be publicly filed, w/o the confidential portions.]

6. Any party may challenge another party's designation of information as confidential pursuant to paragraph 1 of this Order by making an application to the Court within 14 calendar days of receiving notice of the designation. The party designating the information shall respond to the application within 14 calendar days of service of the application. The party designating information as confidential shall bear the burden of demonstrating that the designated information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or other applicable law. The party challenging the designation shall treat the information as Confidential Information, and subject to the requirements of this Order, until the Court renders a decision on the application.

7. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination as to (i) whether particular discovery material should be produced or (ii) whether, if produced, such material should be subject to the terms of this Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

8. Upon the conclusion of this litigation, all Confidential Information supplied by any producing party and all copies thereof shall be returned to the producing party or shall be certified to have been destroyed.

8A. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

8.  Nothing in this Confidentiality Order shall preclude a party from offering Confidential Information into evidence at the trial of this action.

Dated: New York, New York
       October 2, 2007

_____
THE HONORABLE ANDREW J. PECK
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

The parties to this action consent to the entry of this Order.

_____
K.C. OKOLI, ESQ.
330 7th Avenue
15th Floor
New York, NY 10001
Attorney for Plaintiff

**BY FAX**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant

By: _____
    JOHN D. CLOPPER
    Assistant United States Attorney
    86 Chambers Street
    New York, New York 10007
    Telephone: (212) 637-2716

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:   October 2, 2007                                  Total Number of Pages:   7

| TO | FAX NUMBER |
|---|---|
| Kenechukwu Chudi Okoli, Esq. | 212-268-3443 |
| John Dalton Clopper, Esq. | 212-637-0033 |

# TRANSCRIPTION:

[Phrase added to ¶ 1, bottom line on page 1]:

. . . in good faith as containing trade secrets or other proprietary or confidential financial or other information under the case law under Fed. R. Civ. P. 26(c), . . .

[Sentence added at end of ¶ 5 on page 4]:

For any document filed under seal, a redacted copy shall be publicly filed, without the confidential information.