# LAW OFFICES OF K.C. OKOLI, P.C.
330 SEVENTH AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10001
(212) 564-8152
———

TELECOPIER (212) 268-3443

January 7, 2008

**BY ECF**

Honorable Andrew J. Peck
United States Magistrate Judge
U.S. Courthouse
500 Pearl Street, Room 1370
New York, New York 10007

       Re:    *Akinyemi v. Chertoff, 07 CV 4048 (AJP)*

Dear Judge Peck:

      This letter is to bring to your attention, the failure of the defendants to comply with your Order of November 5, 2007.

      At the conference held that day, you directed the defendants to produce anything that is a disciplinary or evaluative documents should be produced forthwith" with regard to Jolanta Gluba, Sharmila Haq (Zaman) and Elba Mendez. On November 29 and 30, the eve of the conference of December 7, 2007, defendants produced some documents which were responsive to the order. Upon my review of the documents, I discovered that the evaluation produced the evaluation of Ms. Mendez for the periods, 10/01/2004 to 09/30/2005 and 10/24/2006 to 09/30/2007. Defendants omitted to produce the evaluation for the intervening one year beginning on **10/01/2005** and ending on **10/23/2006.**

      I promptly raised this with Mr. Clopper a letter dated December 3, 2007, and followed up in a telephone conversation with him. Although Mr. Clopper did not respond to my letter, during our subsequent telephone conversation, Mr. Clopper told me that the document was lost. I then told him that I would want to have a sworn statement from someone with knowledge stating that the document was lost and describing the search made for it. Because Mr. Clopper did not say that he would not produce such a sworn statement, and I believed I could resolve the issue shortly, I did not bring this matter up before th court at the conference of December 7, 2007.

      When we left the December 7, 2007 conference, I wrote Mr. Clopper the same day, renewing my request. I did not receive any reply from Mr. Clopper until his letter of December

Honorable Andrew J. Peck
January 7, 2008
Page 2


19, 2007.  Contrary to the well-known practice of the courts in such situations, to justify his failure to provide the required documents, Mr. Clopper stated that the Federal Rules of Civil Procedure do not require them to provide such an affidavit of loss.  He further claimed that the request for the affidavit was untimely, without regard to the fact that the request came out of their failure to comply with this Court's Order.  Finally, Mr. Clopper further justified his refusal by stating that discovery had closed, even though this Court ordered the production and I pointed out the failure to comply on December 3, 2007.  What is more, Mr. Clopper never indicated that the defendants would not comply until discovery had passed.

     Apparently Mr. Clopper would rather have me burden this Court with every petty issue which both of us could resolve without first attempting a resolution of same.  I regret that counsel did not appreciate the courtesy which I extended to him.

     Given the fact that the documents in question stemmed from this Court's directive of November 5, 2007, and the fact that I pointed out the defendants' failure to produce and requested an affidavit of loss <u>before</u> the discovery deadline, without any objection from Mr. Clopper, he should not be allowed to take advantage of my professional courtesy to him.  Defendants should be compelled to produce such customary affidavit of loss from a person with knowledge.  Mr. Clopper cannot give unsworn testimony as to what became of the missing document.  His verbal assurances are therefore insufficient.

                                                           Respectfully submitted,

                                                           /s/ K.C. Okoli
                                                           K.C. Okoli
                                                           (KO-7222)


cc:      John D. Clopper, AUSA