## STANDARDS OF CONDUCT

1.   PURPOSE. This directive establishes the U.S. Customs and Border Protection (CBP) policy on the ethical conduct and responsibilities of employees.

2.   SCOPE. This CBP directive applies to all personnel employed by or detailed to all CBP organizational elements.

3.   AUTHORITIES. This directive is governed by and supplements the following authorities:

3.1   Executive Order (E.O.) 12674, Principles of Ethical Conduct for Government Officers and Employees.

3.2   Department of Homeland Security (DHS) Management Directive System - MD Number 0480.1, Standards of Conduct.

3.3   Title 5 Code of Federal Regulation (CFR) Part 2635, Standards of Ethical Conduct for Employees of the Executive Branch.

3.4   Title 5 CFR Part 735, Employee Responsibilities and Conduct.

4.   INTRODUCTION.

4.1   In fulfilling its mission, CBP and its employees must sustain the trust and confidence of the public they serve. All employees must maintain high standards of honesty, impartiality, character, and conduct to ensure the proper performance of government business and the continued trust and confidence of the public. The conduct of CBP employees must reflect the qualities of integrity and loyalty to the United States; a sense of responsibility for the public trust; courtesy and promptness in dealing with and serving the public; and a standard of personal behavior that reflects positively upon, and will be a credit to, both CBP and its employees.

4.2   Certain conduct, on or off duty, may subject an employee to appropriate disciplinary action whether or not such conduct is specifically addressed in these standards, the standards listed above under Authorities, or in related statutes or regulations. Employees will be held accountable for their actions, and will be subject to appropriate disciplinary action when their conduct:

- Fails to conform to these standards or related statutes and regulations.

- Raises the presumption of a connection between the conduct and the efficiency of the service because of the nature and gravity of the conduct (e.g., criminal conduct).
- Directly and negatively impacts the job performance of an employee or his/her co-workers, or management's trust and confidence in an employee's job performance.
- Adversely affects or interferes with CBP's accomplishment of its mission.

5. EMPLOYEE RESPONSIBILITIES.

5.1   Every CBP employee is required to: (1) know the Standards of Conduct and their application to his or her behavior; (2) seek information from his or her supervisor if unsure of the application of the Standards of Conduct; (3) adhere to the Standards of Conduct; and (4) be aware of the consequences of violation of the Standards of Conduct, and of applicable statutes, regulations and rules regarding conduct.

6. STANDARDS OF CONDUCT.

6.1   CONDUCT PREJUDICIAL TO THE GOVERNMENT. Employees shall not engage, on or off duty, in criminal, infamous, dishonest, or notoriously disgraceful conduct, or any other conduct prejudicial to the government.

6.2   PROHIBITED ACTIONS. Employees will avoid any action, whether or not specifically prohibited by these Standards of Conduct, which might result in, or reasonably create the appearance of:

- Using public service for private gain.
- Giving preferential treatment to a private organization or individual in connection with official government duties and/or responsibilities.
- Impeding government efficiency or economy.
- Engaging in activities which conflict with official government duties and/or responsibilities.

6.3   INTEGRITY-RELATED MISCONDUCT. Integrity is essential to the effective functioning of CBP. Only by each and every employee maintaining the highest standards of integrity and professionalism can CBP keep the public trust and confidence that are critical to our ability to perform our law enforcement, homeland security and other missions.

6.3.1   Employees will neither agree to nor directly or indirectly solicit or accept money or any thing of value for or because of any official act or duties performed by them or for the failure to perform any official act or duties.

6.3.2   In addition to other responsibilities to report misconduct, employees shall promptly report any offer of money or anything of value.

6.3.3  Employees shall not take any official act, or fail to do so, for personal benefit or gain to the employee or members of the employees' family.

6.3.4  Employees will not use the authority of their position in any way that might result in adversely affecting public confidence in the integrity of CBP and of the government.

6.3.5  Employees will not use any CBP identification in a manner which may reasonably give the perception that they are using the identification for personal benefit, attempting to exert undue influence, or to obtain, directly or indirectly, a favor, reward, or preferential treatment for themselves or others, or to improperly enhance their own image.

6.3.6  Inappropriate Association.  Employees will not, except as may be necessary in connection with official assignments or duties, associate with individuals or groups who are believed or known to be connected with criminal activities.  This limitation on association covers any social, sexual, financial, or business relationship with a source of information, a suspected or known criminal, or an illegal alien, subject to being removed from the United States of America.

6.4   FALSE STATEMENTS.

6.4.1  Employees will not make false, misleading, incomplete, or ambiguous statements, whether oral or written, in connection with any matter of official interest.

6.4.2  When directed by competent authority, employees must truthfully and fully testify, provide information, or respond to questions (under oath when required) concerning matters of official interest that are being pursued administratively.

6.5   DISCLOSURE AND SAFEGUARDING OF OFFICIAL INFORMATION.

6.5.1  Employees will not disclose official information without proper authority.  Examples of official information include information that is protected from disclosure by statute, Executive Order or regulation; proprietary business information; and sensitive information retrieved from CBP automated systems.  Even information not within these categories may constitute official information for purposes of this section.  Official information includes any information that an employee acquires by reason of CBP employment, that he or she knows, or reasonably should know, has not been made available to the general public.

6.5.2  CBP utilizes automated systems that are considered "sensitive but unclassified."  These systems include the Treasury Enforcement Communications System, Automated Commercial Environment, Automated Commercial System, the National Criminal Information Center, National Automated Immigration Lookout System, as well as others.  They contain, for example, financial, law enforcement, trade-sensitive, and counter narcotics information.  Employees must safeguard all sensitive information against unauthorized disclosure, alteration, or loss.  Unauthorized accessing