

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/6/08

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

March 4, 2008

MEMO ENDORSED

**BY HAND**
The Honorable Andrew J. Peck
United States Courthouse
500 Pearl Street, Room 1370
New York, NY 10007

Re: *Akinyemi v. Chertoff*, 07 Civ. 4048 (AJP)

Dear Judge Peck:

The Government respectfully writes to inform the Court of plaintiff's violation of the Confidentiality Order entered in the above-referenced case. Specifically, in her opposition to the Government's motion for summary judgment, plaintiff filed numerous documents that the Government produced in discovery and designated as confidential. As a result of this regrettable breach of the Court's order, the documents that were to be accorded confidential treatment by virtue of the Confidentiality Order are currently publicly available. Accordingly, the Government requests that the Court order the Clerk of the Court to remove the confidential documents from the public docket, and further order the plaintiff to refile her pleadings in opposition to the Government's motion for summary judgment in a manner consistent with the Confidentiality Order.

On October 2, 2007, at the request of both parties, the Court entered two orders, a Confidentiality Order governing the exchange of confidential information between the parties, and a Privacy Act Order permitting the Government to produce documents to plaintiff containing personally-identifiable information. *See* Fed. R. Civ. P. 26(c) (permitting court to enter protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); 5 U.S.C. § 552a(b)(11) (permitting disclosure of information subject to Privacy Act "pursuant to the order of a court of competent jurisdiction"). During the course of discovery, the Government designated several documents, and various portions of deposition transcripts, as confidential pursuant to the Confidentiality Order. The Government designated documents by stamping them "CONFIDENTIAL" in the lower right hand corner of every page. Pursuant to the terms of the Confidentiality Order, the Government designated portions of deposition transcripts by stating on the record during the deposition that the questions and answers were designated confidential. Plaintiff did not challenge any of the Government's designations within the time period permitted by paragraph 6 of the Confidentiality Order, *i.e.*, 14 days from receipt of notice of the designation. Nor did plaintiff provide the Government the

seven days' notice required by paragraph 5 before filing any pleading disclosing any confidential information.

On February 29, 2008, plaintiff filed her opposition to the Government's motion for summary judgment. Plaintiff attached as exhibits several documents designated confidential by the Government. For example, exhibits 2 through 4 to the Declaration of K.C. Okoli contain documents related to the discipline records of non-party Customs and Border Protection employees. These documents were designated confidential to protect the privacy of the individuals named in the documents. There are undoubtedly other confidential documents contained in plaintiff's pleading; the Government has not yet had the opportunity to review all 631 pages of the plaintiff's attachments.

When the Government discovered yesterday afternoon that plaintiff had publicly filed confidential documents in violation of the Confidentiality Order, counsel for the Government called plaintiff's counsel to request that he immediately take action to remedy the situation. Plaintiff's counsel refused to do so.

The Government requests that the Court order the Clerk of the Court to remove all documents related to plaintiff's opposition to the Government's motion for summary judgment (docket entries 33-37) from the public docket. The Government further requests that the Court order plaintiff to refile her opposition papers, with all confidential documents filed under seal, and appropriately redacted copies filed publicly.

Thank you for your consideration of this request.

**MEMO ENDORSED**

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: [signature]
JOHN D. CLOPPER
Assistant United States Attorney
Telephone: (212) 637-2716
Facsimile: (212) 637-0033
john.clopper@usdoj.gov

cc: **BY FAX**
K.C. Okoli, Esq.
(212) 268-3443

**BY FAX**

1. The Clerk of Court is directed to delete documents 33-37 from the ECF system.
2. Plaintiff's counsel, in consultation with defense counsel, should re-file its summary judgment opposition papers – complying with terms of my 10/2/07 Confidentiality Order, i.e., confidential material to be filed under seal and "a redacted copy shall be publicly filed without the confidential information." (Confid. Order ¶5.)
3. While Mr. Okoli asserts that defense counsel over-designated material as confidential, Mr. Okoli did not timely challenge the designations as required by ¶6 of the Confid. Order.
4. Defense counsel has not asked for any fees for [illegible] full [illegible] should be [illegible] and none is being shown.
5. Mr. Okoli's argument that the Confid. Order allows confid. [illegible] since the Court is bound to print ECF filing is [illegible].

Copy By Fax: All Counsel

SO ORDERED: [signature]
Hon. Andrew Jay Peck
United States Magistrat

# FAX TRANSMITTAL SHEET

**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** March 6, 2008 **Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| K. C. Okoli, Esq. | 212-268-3443 |
| John D. Clopper, Esq. | 212-637-0033 |

## TRANSCRIPTION:

**MEMO ENDORSED 3/6/08**

1. The Clerk of Court is directed to delete documents 33-37 from the ECF system.
2. Plaintiff's counsel, in consultation with defense counsel, shall refile its summary judgment opposition papers in compliance with the terms of the 10/2/07 Confidentiality Order, i.e., confidential material to be filed under seal and "a redacted copy shall be publicly filed, without the confidential information." (Confid. Order ¶ 5.)
3. While Mr. Okoli asserts that defense counsel over-designated material as confidential, Mr. Okoli did not timely challenge the designations as required by ¶ 6 of the Confid. Order.
4. Defense counsel has not asked for more time to file reply papers and none is being given.
5. Mr. Okoli's argument that the Confid. Order allows confid. material to be given the Court is besides the point - ECF filing is public.