

U.S. Customs and Border Protection

APR 1 2 2005

Mr. 
CBP Officer
U.S. Customs and Border Protection
JFK Airport Area

Dear Mr. 

In order to promote the efficiency of the Agency, I am proposing to suspend you from duty and pay for two (2) calendar days from your position as a Customs and Border Protection Officer (CBPO), GS-1895-11. My proposal is being made in accordance with Office of Personnel Management regulations set forth at 5 CFR Part 752 and is based upon the charges set forth below.

**CHARGE 1: Unprofessional Behavior**

Specification:
On October ■ 2004, while working primary inspections at JFK Airport, you were rude to a passenger. When the passenger asked you to correct a mistake you made on his form I-94, you loudly responded, in sum or substance, that you would fix it when you were ready and felt like it.

**CHARGE 2: Misuse of Position**

Specification:
On October ■ 2004, while off-duty, you used your position to gain access to a secure area of the JFK Airport. You entered the inspections area of Terminal One wearing a CBP baseball cap and stood near the baggage carousel with your AOA identification card, awaiting the arrival of incoming passengers. You did not have authorization to greet incoming passengers in a secure area of Terminal One on that day, and there was no other official reason for your presence there. You were ordered to leave the area and were escorted to the lobby by an on-duty supervisor.

In determining the proposed penalty, I considered the nature and seriousness of your misconduct and how it relates to your position as a CBP Officer. Your rude and inappropriate interaction with the passenger as detailed in the first charge was unprofessional and not acceptable. In regard to the second charge, you had not



Mr. █████████
Page 2

previously been granted permission to greet incoming passengers at the secure inspections area of Terminal 1 and there was no official reason for your presence there. Nevertheless, your decision to enter this area while off-duty knowing that certain incoming passengers were scheduled to arrive on that day demonstrates the misuse of your position.

You were sufficiently on notice as to the Agency's expectations for your conduct. In addition to daily muster reminders about the Agency's professionalism initiatives, you have received individual directives from your supervisor. On November ██ 2003, your supervisor counseled you on the Port Director's policy and procedures regarding professional behavior. On July ██ 2004, your supervisor counseled you again, warning you not to behave inappropriately, particularly in front of passengers. On August ██ and again on August ██ 2004, you were reminded of your responsibilities to be polite, respectful and considerate. Furthermore, on September ██ 2004, you attended a training class on professionalism.

My decision to propose to suspend you is consistent with the U.S. Customs and Border Protection Table of Offenses and Penalties (the "Table"). The instant violations are most similar to Table Offense C2 entitled "Use of discourteous, unprofessional, derogatory, or otherwise inappropriate language, gestures, or conduct toward members of the public" and Table Offense Q4 entitled "Using CBP identification including badges and credentials . . . for personal gain," which provide for first offense penalties ranging from a written reprimand to a 14-day suspension.

You will be given ten calendar days from the date you receive this notice (exclusive of day of delivery) in which to review the material on which this notice is based, and if you so desire, to answer it orally in person, in writing, or both orally and in writing. Consideration will be given to extending this period of time if you submit a request stating your reasons for desiring more time prior to the expiration of the ten calendar day period. You may submit, with your reply, affidavits or other evidence in support of your answer. In your answer, you may plead extenuating circumstances or make any other representations that you consider appropriate.

You have the right to be represented by an attorney or other representative of your choice. Any designation of representative should be furnished in writing to Ms. Susan T. Mitchell, Director, Field Operations, New York, One Penn Plaza, 11th Floor, New York, NY 10119.

Your representative, if an Agency employee and in an active duty status, will be allowed four hours of official time to review the material on which this notice is based, secure affidavits, and present your reply. Consideration also will be given to extending this period if you submit a request stating your reasons for desiring more time.

Mr. 
Page 3

If you wish to reply in person, you should request an appointment for that purpose in writing. All correspondence, including any written reply or any request for additional time, should be directed to Ms. Mitchell within the ten-day limit mentioned above.

Full consideration will be given to any answer and supporting evidence that you submit. As soon as possible after your answer is received, or after expiration of the ten-day limit if you do not answer, Ms. Mitchell will consider all of the available facts and render a decision on the proposal.

You should acknowledge receipt of this notice by signing the copy provided for that purpose and returning it to the bearer of this notice. All material upon which this proposal is based is enclosed consisting of 38 pages.

If you have questions regarding your rights or other procedures contained in this notice, contact Mary K. Brodsky, Labor Relations Specialist, 70 Kimball Avenue, South Burlington, Vermont 05403-6813 or telephone (802) 660-5050.

Sincerely,

*Camille P.*

Camille Polimeni
Area Director, JFK Airport
New York Field Office

Enclosures

Acknowledgement of receipt of the proposal and 38 pages of supporting documentation. It was delivered on

____APRIL____ ████ __2005__ at __0935__ M.

Employee Signature _____

Witness Signature _____

181