CONFIDENTIAL USA0016

# U. S. CUSTOMS AND BORDER PROTECTION
# TABLE OF OFFENSES AND PENALTIES
Effective June 21, 2004

## Instructions on Use

This Table of Offenses and Penalties serves as a *guide* to managers, supervisors, and practitioners in assessing the appropriate penalties for common types of misconduct. While the Table does not cover every possible offense, it does provide examples of many categories of misconduct, whether committed on or off-duty, for which employees may be disciplined. The absence of a specific offense covering an act does not mean that such an act is condoned, permissible, or would not result in disciplinary or adverse action. The Table is provided as a *guide*, not as a set of mandatory rules; it does not relieve supervisors and managers of the responsibility of using good judgment when applying it to disciplinary situations.

PURPOSE AND PROGRESSIVE NATURE OF DISCIPLINE: Disciplinary penalties are imposed to correct behavior and teach the employee and others that certain actions are unacceptable for an employee of U.S. Customs and Border Protection (CBP). Discipline also serves to demonstrate the expected high standards of conduct for CBP. Discipline is usually progressive in nature and therefore, subsequent misconduct is treated with increasing severity. For example, an employee would not be fired for the first instance of being absent-without-leave for 15 minutes. Instead, the supervisor might start with counseling or an oral admonishment, then issue a letter of reprimand and so on, until either the employee corrects the behavior or until discipline based on the employee's continuing misconduct progresses up to removal from CBP and the federal service.

While the concept of progressive discipline is appropriate for most types of infractions, some (such as accepting a bribe) are so egregious that a single instance is sufficient to warrant removal.

NOTE: A very minor, insignificant infraction may warrant oral counseling or oral admonishment to correct the behavior.

SELECTING A PENALTY

*PROPOSAL:* Supervisors and managers, after determining that disciplinary action is appropriate, are

1

faced with proposing a suitable penalty for the offense(s). Many factors are considered in determining the penalty to propose, but of particular importance are the "aggravating factors" in each case. These include issues such as whether the employee is a supervisor, and whether the employee has been placed on notice that the conduct in question is prohibited (i.e., has been previously counseled or disciplined for the same or similar conduct.) The proposal notice should identify those aggravating factors so that the employee has a full and fair opportunity to respond to everything that was considered in determining the proposed penalty. Some of these factors may be identical to the "Douglas Factors" discussed below under "Final Decision." In some cases, these aggravating factors will warrant selecting a penalty at the upper range or even outside the range of penalties shown. For example, supervisors and managers, because of their responsibility to demonstrate exemplary behavior, may be subject to a greater penalty for certain misconduct than is provided in the range.

In taking disciplinary actions, due regard shall be given to the principle that similar penalties should be imposed for similar offenses. At the same time, the penalty for misconduct may also be elevated above that shown for a first offense when an employee engages in additional misconduct, even though it is not identical or even similar to the past misconduct. For example, assume an employee has a past offense of absence-without-leave, and is currently facing a charge of insubordination. When using the Table, proposing and deciding officials should look under the "Subsequent Offense" column, and select within that range as appropriate to the circumstances of the case.

Finally, the penalty for misconduct may be less severe than those set forth in the Table as within the range for the offense, but only after full and fair consideration of all available information. Supervisors and managers should never lose sight of the fact that the Table is a useful guide, but that it cannot replace reason or good judgment.

NOTE: The Table uses 2 columns to cover the range of penalties from Written Reprimand to Removal under the headings of first and second/subsequent offenses. "Second/Subsequent Offenses" means the second and any additional incidents of misconduct previously shown under the separate headings of second and third offenses. The compression of several headings into the heading of "Second/Subsequent offenses does not mean that all employees will be removed from CBP after committing a second offense. Nor does the heading reflect an intent to abandon the principle of progressive discipline when considering the penalty for a second or subsequent offense. The Table is a guide to help ensure consistent application of similar penalties for similar offenses, but the selection of a penalty should always be appropriate to the facts of the case.

2

CONFIDENTIAL_USA0017

CONFIDENTIAL USA0018

***FINAL DECISION***: Once the deciding official determines that the employee committed the misconduct as charged, the official must select the specific penalty to impose. At that point, the deciding official must consider certain factors, which are relevant to the determination of the penalty. In the Douglas case, the Merit Systems Protection Board set forth guidelines as to factors, which should, depending on the fact of the case, be considered. These factors are, well established, and are commonly known as the "Douglas Factors." Not all of these factors are pertinent in every case. Some factors will weigh in the employee's favor and these are called the mitigating factors in the case. Some factors will not be in the employee's favor and are called aggravating factors. Selection of an appropriate penalty must thus involve a responsible balancing of the relevant factors in each case. The **"Douglas Factors"** are listed below.

1. The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, was frequently repeated;

2. The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;

3. The employee's past disciplinary record;

4. The employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability;

5. The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisor's confidence in the employee's ability to perform assigned duties;

6. Consistency of the penalty with those imposed upon other employees for the same or similar offenses;

7. Consistency of the penalty with the Table of Offenses and Penalties;

8. The notoriety of the offense or its impact upon the reputation of the agency;

3

9. The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in questions;

10. Potential for the employee's rehabilitation;

11. Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and

12. The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

NOTE: Except in the case of a Border Patrol employee, a letter of reprimand does not require a proposal and is final in nature and therefore consideration of the "Douglas Factors" is appropriate.

OFFENSES: The Table is arranged alphabetically by category of offenses. Under each category, the offenses are listed in order of seriousness, beginning with the least serious.

EXPLANATORY NOTES: The purpose of the Explanatory Notes column is to clarify what is covered by the offense through the use of further information, examples, or cross-references to other offenses.

OFF-DUTY MISCONDUCT: In cases where discipline is proposed for reasons of "off-duty" misconduct, the proposal notice will include an explanation of the nexus (connection) between the misconduct and the efficiency of the service.

REFERENCES: Legal citations in the Reference column are provided strictly for the convenience of the user. A listing does not mean that the citation is the only one applicable, nor is a citation required to determine a violation. Key citations are provided for the laws most frequently referenced. Although a criminal statute may be cited, the level of proof required for disciplinary purposes does not rise to the level required for criminal prosecution. Examples are provided for explanatory purposes only, and are not intended to be all-inclusive as the citation or reference may change in the future.

ADVICE AND GUIDANCE: The Labor/Employee Relations Specialist (L/ER) is a knowledgeable resource and serves in an advisory capacity to supervisors and managers. Supervisors and managers are encouraged to contact their servicing L/ER Specialist at the onset of the disciplinary process.

4

CONFIDENTIAL USA0019

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| A | **Attendance-Related** | | | | |
| 1 | Absence without leave (AWOL) or unauthorized absence of 8 hours or less; leaving worksite without authorization | Includes tardiness | Written reprimand | 1-day suspension to removal | |
| 2 | Absence without leave (AWOL) or unauthorized absence between 1 and 5 workdays | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 3 | Absence without leave (AWOL) or unauthorized absence of more than 5 workdays | | 14-day suspension to removal | Removal | |
| 4 | Any unauthorized absence resulting in the substantial impairment of mission accomplishment | | 1-day to 5-day suspension | 5-day suspension to removal | |
| 5 | Failure to follow established leave procedures | See E-1 for failure to follow leave restriction | Written reprimand | 1-day suspension to removal | |
| 6 | Failure to report to, or unexcused delay in reporting for, an overtime assignment | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| B | **Discriminatory Behavior** | | | | |
| 1 | Use of critical, demeaning, or degrading remarks, comments, observations, statements, or actions based on another's race, color, age, sexual orientation, religion, sex, national origin, or disability | On or off-duty | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 2 | (a) Acting or failing to act on an official matter in a manner which improperly takes into consideration an individual's race, color, age, sexual orientation, religion, sex, national origin, or disability. (b) Any reprisal or retaliatory action against an individual involved in the EEO complaint process. (c) Failing to take appropriate action regarding allegations of discrimination | On or off-duty e.g., in employment, appraisal, advancement, or treatment of employees (present and former) and applicants | 14-day suspension to removal | Removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL  USA0020

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 3 | Inappropriate and/or unwelcome verbal or physical behavior of a sexual nature, including teasing, jokes, gestures, display of visual material, or requests for sexual favors | On or off-duty | Written reprimand to 30-day suspension | 14-day suspension to removal | |
| 4 | Official action taken, threatened, or inferred, as a result of, rejection or submission to, a request for sexual favors | On or off-duty Includes behavior or actions directed to employees and non-employees (such as customers, contractors, vendors, or passengers), both favorable or unfavorable, based on granting or withholding a sexual favor | 30-day suspension to removal | Removal | |
| C | Disruptive Behavior | | | | |
| 1 | Use of abusive, slanderous, malicious, derogatory, goading, or otherwise inappropriate language, gestures, or conduct to or about co-workers | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 2 | Use of discourteous, unprofessional, derogatory, or otherwise inappropriate language, gestures, or conduct toward members of the public | | Written reprimand to 5-day suspension | 5-day suspension to removal | |
| 3 | Fighting, threatening, attempting to inflict or inflicting bodily harm to another; engaging in dangerous horseplay, any violent act, language, gestures, or conduct toward members of the public and co-workers | | 5-day suspension to removal | 30-day suspension to removal | |
| D | Drugs and Alcohol | | | | |
| 1 | Drinking alcoholic beverages while on duty or when carrying a weapon, while on or off-duty; unauthorized possession of alcoholic beverages on government-owned or leased property (including GOVs), on or off duty | | Written reprimand to 14-day suspension | 14-day suspension to removal | Firearms and Use of Force Handbook |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0021

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 2 | Refusing or failing to submit to, or interfering with, a properly ordered or authorized drug test | Includes substituting, adulterating, or otherwise tampering with a urine sample | 14-day suspension to removal | Removal | DFFWP Handbook CIS HB 51200-01 |
| 3 | Reporting for duty under the influence of alcoholic beverages, or being on duty or subject to overtime and so impaired by alcohol as to be unable to properly perform assigned duties | | 14-day suspension to removal | Removal | |
| 4 | Operating a Government owned or leased vehicle, on or off duty, or a privately owned vehicle, on duty, while under the influence of alcohol | Includes vehicles, vessels, aircraft, or other equipment | 30-day suspension to removal | Removal | |
| 5 | Possession, use, sale, or distribution of illegal drugs or controlled substances | On or off-duty | Removal | | 21 USC 844 |
| E | Failure/Refusal to Follow Orders | | | | |
| 1 | Failure to follow proper supervisory instructions | For example, failing to follow leave restrictions | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 2 | Willful and intentional refusal to obey a proper order of a superior, a regulation, policy, rule, or procedure | Includes insubordination and failure to report for required training or for duty as detailed, transferred, or reassigned | 5-day suspension to removal | 14-day suspension to removal | |
| F | Falsification | | | | |
| 1 | (a) Making careless misstatements or misrepresentations  (b) Failing to provide honest and complete information to investigators or displaying lack of candor in any official inquiry | Includes statements or documents related to employment, promotion, travel, attendance logs or records, leave forms, transactions with the public, or any other official record | Written reprimand, removal | 14-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 2 | Material and intentional falsification | Includes committing perjury, providing false testimony, and knowingly making a false statement or accusation. For employees in positions with potential to testify in court, this violation often jeopardizes their ability to serve as federal witnesses | Removal | | 18 USC 1001 LaChance v. Erickson 96-1395 Brogan v. US 96-1579 |
| G | **Inappropriate Use of Weapons** | | | | |
| 1 | Failure to report the discharge of a firearm or use of a weapon as required by the applicable firearms policy. | For all items in section G: "weapon" refers to, but is not limited to, authorized firearms, batons, and chemical spray | Written reprimand to 5-day suspension | 5-day suspension to removal | |
| 2 | Inappropriate storage, care, loss, or misplacement of a weapon or ammunition | Includes damage caused by carelessness | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 3 | Inappropriate display of a weapon | | 5-day to 14-day suspension | 14-day suspension to removal | |
| 4 | Unauthorized or illegal possession of a weapon | | 14-day suspension to removal | Removal | |
| 5 | Unnecessary discharge of a weapon | | | | Firearms and Use of Force Handbook |
| | (a) Where there is apparent danger to human life: | | | | |
| | (1) Intentional | | Removal | | |
| | (2) Unintentional | | 14-day suspension to removal | Removal | |
| | (b) Where there is no apparent danger to human life: | | | | |
| | (1) Intentional | | 14-day suspension to removal | Removal | |
| | (2) Unintentional | | Written reprimand to 2-day suspension | 2-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0023

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| **H** | **Inquiries or Investigations** | | | | |
| 1 | (a) Refusing or failing to cooperate in an official investigation or inquiry. (b) Interfering with an official investigation or inquiry. | Includes refusing to answer work related questions, attempting to influence others involved in an inquiry, releasing information in an official matter when advised not to do so, and failing to timely complete background re-investigation forms | 14-day suspension to removal | Removal | 18 USC 1621 18 USC 1622 |
| | **Integrity** | | | | |
| 1 | (a) Acceptance or solicitation of a bribe. (b) Agreeing to accept or solicit a bribe | "Bribe" includes anything of value, loans, or personal gain to the employee or employee's family, which an employee agrees to or actually accepts or solicits based on performing or failing to perform any official act or duties | Removal | | 18 USC 201 |
| 2 | Failing to promptly report an offer of a bribe or attempted bribe | | 15-day suspension to removal | Removal | |
| 3 | Use of position or authority for other than official purposes | On or off-duty Includes reprisal against an employee for whistleblowing and/or for providing information or testimony, or otherwise participating in an official investigation or inquiry; directing subordinates to perform work not related to official duties; and attempting to use one's position to avoid a traffic citation | 14-day suspension to removal | 14-day suspension to removal | |
| 4 | Use of public office for private gain | | 14-day suspension to removal | Removal | 5 CFR 2635.702 (Subpart G) |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0024

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 5 | Criminal, infamous, or notoriously disgraceful conduct, or other conduct prejudicial to the government | On or off-duty Includes misconduct which may be related to the mission of CBP. It also could include misconduct, which receives adverse news media attention or adverse political focus. | 14-day suspension to removal | Removal | 5 CFR 735.203 |
| 6 | Knowingly and inappropriately associating with sources of information, illegal aliens, or persons connected with criminal activities | On or off-duty Includes any social, sexual, financial (including acceptance of gifts), or business relationship | 14-day suspension to removal | Removal | |
| 7 | Knowingly and inappropriately assisting in activities which jeopardize the agency's mission | | 30-day suspension to removal | Removal | |
| J | **Misuse of Property** | | | | |
| 1 | When willfulness or intent is not a factor, improper or negligent operation of government owned or leased property | Includes vehicles, vessels, aircraft or other equipment | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 2 | Losing or damaging government property, equipment, records, etc.; concealing, removing, mutilating, altering, or destroying government records | Penalty depends on value of property, extent of damage, and degree of fault. | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 3 | Using government property, property under government custody, or the property of others, for other than official purposes; using government-sponsored travel card for other than official travel. | Includes querying TECS or other confidential or sensitive databases for other than official purposes and using any government-sponsored credit card for other than official and authorized purposes. | Written reprimand to 14-day suspension | 14-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0025

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 4 | Unauthorized use of law enforcement equipment, resources, and application of techniques | Includes the use of electronic sensing devices. This charge carries a higher penalty than misuse of other government property as it could potentially jeopardize a law enforcement operation. | 30-day suspension to removal | Removal | |
| 5 | Willful misuse of (or authorizing the use of) any government-owned or government-leased passenger vehicle, aircraft, or vessel | 31 USC 1349 mandates that an employee who willfully uses or authorizes the use of a government owned or leased passenger motor vehicle or aircraft for other than official purposes shall be suspended from duty and pay for a minimum of one month | 30-day suspension to removal | Removal | |
| 6 | Use of government property or software systems to access or transmit sexually explicit material | | 15-day suspension to removal | Removal | |
| K | **Neglect of Duty** | | | | |
| 1 | Delay in carrying out orders, work assignments, instructions of superiors, policies, or procedures | | Written reprimand to 2-day suspension | 2-day suspension to removal | |
| 2 | Failure to follow applicable laws, rules, regulations, or policies in the performance of duties | | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 3 | Interference with other employees in the performance of official duties | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 4 | Sleeping on the job or inattention to duty where there is no potential danger to life or property or potential loss of revenue | Includes wasting time or loafing | Written reprimand to 3-day suspension | 3-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0026

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 5 | Covering up, attempting to conceal, removing, or destroying defective work, without authorization | | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 6 | Failure to comply with policy or delegated authority in administering disciplinary action | May involve taking improper disciplinary action to preclude appropriate action | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 7 | Negligent or careless performance of assigned duties where an inspection or other CBP enforcement function is substantially and negatively impacted | | 5-day to 14-day suspension | 14-day suspension to removal | |
| 8 | Failure to observe established policies or procedures in the apprehension or detention of suspects, violators, or illegal aliens | Transportation of prisoners and leaving post while on guard or protective duty | 7-day to 14-day suspension | 14-day suspension to removal | |
| 9 | Sleeping on the job or inattention to duty, where human life, property, or revenue, is jeopardized or actually lost. | | 14-day suspension to removal | Removal | |
| 10 | Intentional or reckless disregard of rules governing arrests, searches, or seizures | | 30-day suspension to removal | Removal | Rule 41 of the Federal Rules of Criminal Procedure |
| L | Reporting Responsibilities/Obligations | | | | |
| 1 | Failure to promptly report arrest to superiors and/or appropriate investigative office | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 2 | Concealing or failing to report, missing, lost, or damaged, government property or funds | | Written reprimand to 5-day suspension | 5-day suspension to removal | |
| 3 | Failing to report an accident or injury to a person, or damage to property, arising from acts committed or occurring within the scope of employment | | Written reprimand to 5-day suspension | 5-day suspension to removal | |
| 4 | Failing to promptly report violations of laws enforced by CBP. | Includes importer violations | 14-day suspension to removal | 30-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0027

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 5 | Failure to report information concerning violation of any law, policy, or procedure by a CBP employee | | 14-day suspension to removal | 30-day suspension to removal | |
| M | Safety/Health | | | | |
| 1 | Failure to observe and/or enforce safety and health regulations, rules, signs, and instructions, or to perform duties in a safe manner. Failure to wear protective clothing and equipment. | | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 2 | Endangering the safety of, or causing injury to, any person through carelessness or failure to follow instructions | | 5-day suspension to removal | 14-day suspension to removal | |
| 3 | Willful or reckless disregard for the safety of others | Includes piloting aircraft too low or acrobatically | 30-day suspension to removal | Removal | |
| N | Security | | | | |
| 1 | Violation of security procedures covering material classified or sensitive to the Government | | Written reprimand to 14-day suspension | 14-day suspension to removal | Security Handbook |
| 2 | Unauthorized disclosure of material classified or sensitive to the government | Includes improper disclosure of information from Grand Jury, Title III and TECS, ACE, ACS, NCIC, CIS, NAILS, and other CBP computerized systems to include appeal/complaint proceedings | 14-day suspension to removal | Removal | 18 USC 1030;TECS, Security Handbook, Rule 6e of the Federal Rules of Criminal Procedure |
| O | Theft | | | | |
| 1 | Unauthorized use, removal, or possession of a thing of value belonging to another employee or private citizen | | Written reprimand to 14-day suspension | 14-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL  USA0028

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 2 | Actual or attempted theft, or other unauthorized taking or diversion, of funds or property, owned or controlled by the Government | | Written reprimand to removal | 14-day suspension to removal | 18 USC 641 |
| P | **Unethical Conduct** | | | | |
| 1 | Borrowing substantial sums of money from a subordinate employee, securing a subordinate's endorsement on a loan, or otherwise having a subordinate assume the financial responsibility of a superior | | Written reprimand to 3-day suspension | 3-day suspension to removal | 5 CFR 2635.702(a) |
| 2 | Failure to report the employment of family members who hold positions that CBP employees themselves are prohibited from holding in outside employment | Family members are the following: spouse, child, or other relative, by marriage or blood, who is dependent upon the employee and/or resides in the employee's household. | Written reprimand to 3-day suspension | 3-day suspension to removal | 5 CFR 2635.502 |
| 3 | Failure to obtain prior written approval before engaging in outside employment | | Written reprimand to 3-day suspension | 3-day suspension to removal | |
| 4 | Direct or indirect solicitation, or acceptance, of a gift from a subordinate | | Written reprimand to 5-day suspension | 5-day suspension to removal | 5 USC 7351 5 CFR 2635 (Subpart C) |
| 5 | Direct or indirect bidding, or purchase at auction or sale, of Government property under direction or incident to the function of CBP | | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 6 | Seeking employment with persons or businesses affected by the performance or non-performance of the employee's official duties | | Written reprimand to 14-day suspension | 14-day suspension to removal | 5 CFR 2635 (Subpart F) |
| 7 | Directly or indirectly soliciting a gift or accepting a gift, from a prohibited source, or given because of an employee's official position | Prohibited source includes any person who does, or seeks to do, business with CBP | Written reprimand to 14-day suspension | 14-day suspension to removal | 5 CFR 2635 (Subpart B) |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0029

## U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 8 | Conflict of interest with the mission of CBP | For example, serving as an officer in an organization with or without pay, certain financial interests | Written reprimand to 14-day suspension | 14-day suspension to removal | 5 CFR 2635 (Subpart D) 5 CFR 2635 (Subpart E) 18 USC 205 |
| 9 | Engaging in political activity which violates the Hatch Act | Alleged Hatch Act violations are referred to the Office of Special Counsel for investigation and if warranted prosecution before the Merit Systems Protection Board (MSPB). When a violation is found, MSPB may order removal or if it unanimously finds that removal is not warranted, it may order a suspension of not less than 30 days | Removal | | 5 USC 7323 & 7324 |
| 10 | Soliciting for, or giving, a gift or donation, to an official superior in violation of 5 CFR 2635.302 | | Written reprimand to 14-day suspension | 14-day suspension to removal | 5 CFR 2635 |
| 11 | Giving the appearance of a conflict of interest or of violating the law or the ethical standards of conduct | | Written reprimand to 14-day suspension | 14-day suspension to removal | 5 CFR 2635 5 CFR 3101 |
| 12 | Engaging in prohibited outside employment | | 14-day suspension to removal | Removal | 5 CFR 2635 (Subpart H) |
| Q | Other | | | | |
| 1 | Failure to honor just financial obligations in a prompt and timely manner | Includes untimely payment of government-sponsored travel card bills | Written reprimand to 14-day suspension | Written reprimand to removal | 5 CFR 2635 |
| 2 | Failure to maintain a neat, clean and businesslike appearance or to comply with uniform dress standards while on duty | | Written reprimand to 2-day suspension | 3-day suspension to removal | |
| 3 | Gambling or betting on Government premises or while using Government property | Includes gambling on the Internet | Written reprimand to 5-day suspension | 5-day suspension to removal | |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0030

U.S. Customs and Border Protection

| | NATURE OF OFFENSES | EXPLANATORY NOTES | FIRST OFFENSE | SECOND/ SUBSEQUENT OFFENSES | REFERENCES |
|---|---|---|---|---|---|
| 4 | Using CBP identification including badges and credentials, to attempt to coerce, intimidate, or deceive, or for personal gain | On or off-duty | Written reprimand to 14-day suspension | 14-day suspension to removal | 18 USC 701 |
| 5 | Interfering with employees' rights, or taking reprisal against employees for exercising their rights, to file or participate in a grievance or appeal, or for their affiliation or non-affiliation in labor unions | On or off-duty | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| 6 | Violation of local traffic laws of any state or political subdivision while operating a government-owned or leased vehicle | | Written reprimand to 14-day suspension | 14-day suspension to removal | |
| R | Personal Search and Detention Violations | | | | |
| 1 | Failure to follow personal search and detention policies and procedures | Includes failing to obtain proper authorization to conduct search; improperly authorizing a personal search; making improper comments during the search, etc. | 5-day suspension to removal | 14-day suspension to removal | Personal Search Handbook |

Please note that there must be a nexus (connection) between the misconduct (on or off-duty) and the efficiency of the service

CONFIDENTIAL USA0031