**CUSTOMS AND BORDER PROTECTION DIRECTIVE**

**ORIGINATING OFFICE:** HRM:ER

**DISTRIBUTION:** SL-01
**CBP DIRECTIVE NO.** 51735-013
**DATE:** JUNE 21, 2004
**SUPERSEDES:**
**REVIEW DATE:** JUNE 2007

**SUBJECT: STANDARDS OF CONDUCT**

1. PURPOSE. This directive establishes the U.S. Customs and Border Protection (CBP) policy on the ethical conduct and responsibilities of employees.

2. SCOPE. This CBP directive applies to all personnel employed by or detailed to all CBP organizational elements.

3. AUTHORITIES. This directive is governed by and supplements the following authorities:

3.1 Executive Order (E.O.) 12674, Principles of Ethical Conduct for Government Officers and Employees.

3.2 Department of Homeland Security (DHS) Management Directive System - MD Number 0480.1, Standards of Conduct.

3.3 Title 5 Code of Federal Regulation (CFR) Part 2635, Standards of Ethical Conduct for Employees of the Executive Branch.

3.4 Title 5 CFR Part 735, Employee Responsibilities and Conduct.

4. INTRODUCTION.

4.1 In fulfilling its mission, CBP and its employees must sustain the trust and confidence of the public they serve. All employees must maintain high standards of honesty, impartiality, character, and conduct to ensure the proper performance of government business and the continued trust and confidence of the public. The conduct of CBP employees must reflect the qualities of integrity and loyalty to the United States; a sense of responsibility for the public trust; courtesy and promptness in dealing with and serving the public; and a standard of personal behavior that reflects positively upon, and will be a credit to, both CBP and its employees.

4.2 Certain conduct, on or off duty, may subject an employee to appropriate disciplinary action whether or not such conduct is specifically addressed in these standards, the standards listed above under Authorities, or in related statutes or

CONFIDENTIAL USA0032

Case 1:07-cv-04048-AJP    Document 45-18    Filed 03/14/2008    Page 2 of 7

2

regulations. Employees will be held accountable for their actions, and will be subject to appropriate disciplinary action when their conduct:

- Fails to conform to these standards or related statutes and regulations.
- Raises the presumption of a connection between the conduct and the efficiency of the service because of the nature and gravity of the conduct (e.g., criminal conduct).
- Directly and negatively impacts the job performance of an employee or his/her co-workers, or management's trust and confidence in an employee's job performance.
- Adversely affects or interferes with CBP's accomplishment of its mission.

5. EMPLOYEE RESPONSIBILITIES.

5.1    Every CBP employee is required to: (1) know the Standards of Conduct and their application to his or her behavior; (2) seek information from his or her supervisor if unsure of the application of the Standards of Conduct; (3) adhere to the Standards of Conduct; and (4) be aware of the consequences of violation of the Standards of Conduct, and of applicable statutes, regulations and rules regarding conduct.

6. STANDARDS OF CONDUCT.

6.1    CONDUCT PREJUDICIAL TO THE GOVERNMENT. Employees shall not engage, on or off duty, in criminal, infamous, dishonest, or notoriously disgraceful conduct, or any other conduct prejudicial to the government.

6.2    PROHIBITED ACTIONS. Employees will avoid any action, whether or not specifically prohibited by these Standards of Conduct, which might result in, or reasonably create the appearance of:

- Using public service for private gain.
- Giving preferential treatment to a private organization or individual in connection with official government duties and/or responsibilities.
- Impeding government efficiency or economy.
- Engaging in activities which conflict with official government duties and/or responsibilities.

6.3    INTEGRITY-RELATED MISCONDUCT. Integrity is essential to the effective functioning of CBP. Only by each and every employee maintaining the highest standards of integrity and professionalism can CBP keep the public trust and confidence that are critical to our ability to perform our law enforcement, homeland security and other missions.

6.3.1 Employees will neither agree to nor directly or indirectly solicit or accept money or any thing of value for or because of any official act or duties performed by them or for the failure to perform any official act or duties.

6.3.2  In addition to other responsibilities to report misconduct, employees shall promptly report any offer of money or anything of value.

6.3.3  Employees shall not take any official act, or fail to do so, for personal benefit or gain to the employee or members of the employees' family.

6.3.4  Employees will not use the authority of their position in any way that might result in adversely affecting public confidence in the integrity of CBP and of the government.

6.3.5  Employees will not use any CBP identification in a manner which may reasonably give the perception that they are using the identification for personal benefit, attempting to exert undue influence, or to obtain, directly or indirectly, a favor, reward, or preferential treatment for themselves or others, or to improperly enhance their own image.

6.3.6  Inappropriate Association. Employees will not, except as may be necessary in connection with official assignments or duties, associate with individuals or groups who are believed or known to be connected with criminal activities. This limitation on association covers any social, sexual, financial, or business relationship with a source of information, a suspected or known criminal, or an illegal alien, subject to being removed from the United States of America.

6.4    FALSE STATEMENTS.

6.4.1  Employees will not make false, misleading, incomplete, or ambiguous statements, whether oral or written, in connection with any matter of official interest.

6.4.2  When directed by competent authority, employees must truthfully and fully testify, provide information, or respond to questions (under oath when required) concerning matters of official interest that are being pursued administratively.

6.5    DISCLOSURE AND SAFEGUARDING OF OFFICIAL INFORMATION.

6.5.1  Employees will not disclose official information without proper authority. Examples of official information include information that is protected from disclosure by statute, Executive Order or regulation; proprietary business information; and sensitive information retrieved from CBP automated systems. Even information not within these categories may constitute official information for purposes of this section. Official information includes any information that an employee acquires by reason of CBP employment, that he or she knows, or reasonably should know, has not been made available to the general public.

6.5.2  CBP utilizes automated systems that are considered "sensitive but unclassified." These systems include the Treasury Enforcement Communications System, Automated Commercial Environment, Automated Commercial System, the

CONFIDENTIAL USA0034

National Criminal Information Center, National Automated Immigration Lookout System, as well as others. They contain, for example, financial, law enforcement, trade-sensitive, and counter narcotics information. Employees must safeguard all sensitive information against unauthorized disclosure, alteration, or loss. Unauthorized accessing of these systems, including "browsing" (querying the systems for information for other than official reasons) is also prohibited.

6.5.3 Employees will not access, conceal, alter, remove, mutilate, or destroy documents or data in the custody of CBP or the Federal Government without proper authority. Employees are required to care for and conserve such documents according to federal law and CBP policy. When leaving CBP, employees are responsible for adhering to DHS and CBP standards governing the removal of official papers from the agency.

6.6   USE OF CONTROLLED SUBSTANCES.

6.6.1 CBP is charged with the responsibility for interdicting illegal drugs that are being brought into the United States. Therefore, users of illegal drugs will not be selected for employment in CBP, and removal action will be initiated with respect to any CBP employee who is found to use, possess, sell, or distribute illegal drugs.

6.7   GENERAL CONDUCT.

6.7.1 Employees will be appropriately dressed for their workplace, business contacts, and duties. All employees will be properly groomed. Unless otherwise authorized, uniformed employees will report for duty and remain in the uniform authorized for their work location and duties.

6.7.2 Employees are expected to perform their duties to the government and the public conscientiously, respond readily to the lawful direction of their supervisors, and follow agency policies and procedures.

6.7.3 Employees will be professional in their contact with members of the public and co-workers. "Professional" for the purposes of this provision, means being polite, respectful, and considerate. This requirement to be professional must be adhered to even under difficult conditions, in times of personal stress, and in the face of provocation so long as it does not compromise employee safety or impede the performance of official duties.

6.7.4 Employees must observe designated duty hours and be punctual in reporting for work, including overtime assignments, and in returning from lunch and breaks.

6.7.5 Employees will use official duty time to perform official duties.

6.7.6 Employees assigned to inspectional, border protection, or other enforcement

CONFIDENTIAL USA0035

duties will not leave their assigned posts until properly relieved or otherwise authorized to depart.

6.7.7  Leave is to be used in accordance with its intended purpose and must be approved in advance whenever possible in accordance with local requirements.

6.7.8  CBP does not tolerate violence in the workplace. Therefore, employees will not participate in, or condone activities that involve violence in the workplace. Such violence includes communicating a direct or indirect threat of physical, mental, or emotional harm. Threats can take the form of written or verbal statements, stalking activity, and facial expressions or physical gestures. This would not preclude the use of force in accordance with agency policies regulating its use in the conduct of law enforcement activities.

6.8   CARE OF MONEY AND PROPERTY.

6.8.1  Employees who have access to, receive, or come into possession, custody or control of property, money, or other items of value belonging to the agency shall follow established procedures, or use standards of care that are reasonable under the circumstances, when they account for, conserve, protect, or dispose of such property, money, or items of value.

6.8.2  Employees must promptly report to their supervisors any loss, misplacement, theft, damage, or destruction of property, money, or other items of value belonging to the agency.

6.8.3  Upon separation, transfer, or reassignment, or on demand from the proper authority, employees will return all government-owned or leased property or items of value issued to them for use in carrying out their official duties.

6.9   USE OF GOVERNMENT PROPERTY OR OTHER RESOURCES.

6.9.1  Office Equipment and Computers.

6.9.1.1  Generally, CBP employees may use government office equipment for authorized purposes only. However, limited personal use of government office equipment by employees during non-work time is considered to be an "authorized use" of government property if such use involves only minimal additional expense to CBP and does not: adversely affect the performance of official duties; interfere with the mission or operations of CBP; overburden any CBP information resources; or violate any standard of conduct herein. The privilege to use government-owned office equipment for personal purposes may be revoked or limited by the employee's supervisor or other authorized official.

6.9.1.2  The use of government computers or other equipment to access, view, store, or transmit sexually explicit material is prohibited.

CONFIDENTIAL USA0036

6.9.1.3 Employees will use only CBP authorized software on CBP computers. All software use must comply with copyright laws and/or license agreements. Employees will adhere to security policy and procedures regarding the use and protection of their computer identification and passwords.

6.9.1.4 Employees shall not use government documents for private or unofficial purposes, circulate them to audiences for which they were not intended, or in any way alter the intended distribution of such documents with respect to their limited organizational or other application. CBP employees may not use postage-paid official envelopes or letterhead for personal purposes.

6.9.2 Government-sponsored Credit Cards.

6.9.2.1 Employees shall safeguard government-sponsored credit cards under their care, including travel cards, phone cards, fleet cards, and purchase cards, and will promptly report the loss of such cards to their supervisors and to the issuing company. As cardholders, employees are responsible for using the credit card strictly in accordance with both the government requirements and those of the financial institution issuing the card.

6.2.2.2 Government-sponsored travel (credit) cards may be used only for official travel and official travel-related expenses away from an employee's official duty station and may not be used for personal purposes. Only the employee whose name appears on the credit card may use the card. An employee who holds a government-sponsored travel card must pay all valid charges appearing on the credit card statement in full when due each month.

6.9.2.3 Fleet cards will be used only to pay for authorized goods and services for government-owned vehicles (GOVs).

6.9.2.4 Purchase cards will be used only for authorized goods and services for CBP. When planning and making purchases, purchase cardholders are required to comply with officially designated mandatory sources of supply and funding limitations of their cards. Cardholders are responsible for being cognizant of the rules, policies, and procedures regarding the use of their cards and will not circumvent or disregard those rules, policies or procedures (e.g., split-purchases, etc.). Cardholders are required to consult with a warranted contracting officer or the appropriate program official, when any question arises about a potential source for purchase of a service or supply.

6.9.3 Government Identification.

6.9.3.1 Badges, credentials, and identification cards are to be used by CBP employees only for official purposes. Employees will promptly report the loss of any badges, credentials, and/or identification cards to their supervisor.

CONFIDENTIAL USA0037

6.9.4 Government vehicles.

6.9.4.1 GOVs are "passenger carriers" which include, but are not limited to: passenger motor vehicles, aircraft, boats, ships, or other similar means of transportation that are owned or leased by the United States. Employees will not use, or authorize the use of, a GOV except for official purposes, i.e., those deemed essential to the successful completion of the official mission. The transportation of individuals in a GOV, including family members, is prohibited, unless officially authorized. Willful use of a GOV for other than official purposes carries a <u>minimum</u> statutory penalty of a 30-day suspension from duty and pay.

6.9.4.2 Employees will not consume alcoholic beverages while operating a GOV and for a reasonable period of time prior to operating a GOV. Driving a GOV while impaired by alcohol is prohibited under all circumstances.

6.9.4.3 Any employee operating a GOV must observe all applicable state and local traffic laws consistent with the flexibility required for the conduct of law enforcement activities. Even then, employees are responsible for exercising due caution to ensure the safe operation of their vehicle.

6.9.5 Firearms.

6.9.5.1 Unless firearms are authorized and required in the performance of duty, employees will not carry firearms, either openly or concealed, while on government property or on official duty.

6.9.5.2 Employees authorized to carry firearms will do so strictly in accordance with applicable firearms policies. Employees carrying firearms are prohibited from consuming alcoholic beverages.

6.9.5.3 Employees authorized to carry and maintain firearms must not leave their firearms unattended and are responsible for properly storing their firearms in accordance with applicable policy. Upon discovery, employees must promptly report the loss or theft of their firearms to their supervisor.

6.10 USE OF ALCOHOLIC BEVERAGES.

6.10.1 Employees will not report for duty or remain on duty under the influence of alcohol.

6.10.2 Unless specifically authorized, employees may not consume alcoholic beverages while on official duty.

6.10.3 Under no circumstances will employees operate a GOV, on or off duty, while under the influence of alcohol.

CONFIDENTIAL USA0038