```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X      Case No. 07 CV 4048
YEMISI AKINYEMI,                                  (AJP)

                Plaintiff


-against-




MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

                Defendant
--------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION AND/OR REARGUMENT
PURSUANT TO Fed. R. Civ. P. 59(e) AND LOCAL CIVIL RULES 6.3**

PRELIMINARY STATEMENT

Articulating the summary judgment standard is not a difficult thing.  The difficulty arises from the proper application of that well-known standard to the specific facts of any given case.  As will appear hereunder, although the court denied the defendant's motion for summary judgment, it undermined the plaintiff's success by engaging in credibility assessments and making *premature* evidentiary rulings.

1

It is axiomatic that a summary judgment court must not weigh the evidence or engage in credibility assessments. <u>Fischl v. Armitage</u>, 128 F.3d 50 (2d Cir. 1997). In determining whether a genuine issue of material fact exists, "a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" <u>Lucente v. Int'l Bus. Machs. Corp</u>., 310 F.3d 243, 253-54 (2d Cir. 2002)(citations omitted). See also <u>Jeffreys v. City of New York</u>, 426 F.3d 549, at 553 ("Assessments of credibility and choices between conflicting versions are matters for the jury, not for the court on summary judgment.").

### POINT I

### COURT ERRED IN FINDING THAT AKINYEMI AND GLUBA ARE NOT SIMILARLY SITUATED, <u>AND IN PRECLUDING TRIAL EVIDENCE ON GLUBA</u>

The court began by noting that "Akinyemi and Gluba engaged in very different conduct". Opinion and Order, at 11. This is of course true, but the law does not expect them to engage in identical conduct for them to be comparators. The court's focus on whether the conduct which

Akinyemi and Gluba engaged in was intentional or negligent, instead of on the 'comparable seriousness' of the two acts is not borne out by case law. Neither Graham, Watson, Lucibello nor Cruz, suggested that 'comparable seriousness' depends on whether the act is intentional or negligent. Indeed, in Cruz, the acts of both the plaintiff and her comparator were both intentional: physical assault and use of racial slurs respectively.

    A quick example will drive home the point.  Employee A and Employee B are employed at a chemical factory.  Employee A intentionally spills a beer container on his supervisor's desk, destroying his box of tissue and a 50 cent writing pad.  On the other hand, Employee B, who is forgetful, negligently leaves a gas pipe uncapped.  Noxious fumes escape from the pipe, causing many coworkers to become seriously ill with one fatality.  In this scenario, could anyone seriously contend that, because Employee A's act was intentional, his act was comparably more serious than the negligent act of Employee B?

    By the same parity of reasoning, Gluba, an employee who was trained by CBP at taxpayers' expense, and who should know the importance of securing sensitive government

information in her computer, negligently failed to do so, thus allowing a member of the public access to such sensitive information.  Regrettably, Gluba does not know what information this individual obtained from her computer since, by the time she knew what was going on, the individual had gone into and out of Gluba's computer. See Plaintiff's Exhibit 26, Gluba's Deposition, at 23-24. And there is no admissible evidence of what information this individual obtained.

By contrast, the record shows that Akinyemi's father-in-law died a few hours on December 5, 2005, before she made her trip to Newark International Airport where in the incident underlying her termination occurred. See Plaintiff's Exhibit 33, A.O.S. Akinyemi's Deposition, at 13-14; Plaintiff's Exhibit 36, Y. Akinyemi's Deposition, at 43-44; Plaintiff's Exhibit 24. One needs not have to be a rocket scientist or psychologist to appreciate Akinyemi's state of mind in the immediate aftermath of the sad news of her bereavement: one only needs to be human to appreciate that.

It is undisputed that plaintiff's husband went through normal airport security screening process. It is equally

undisputed that plaintiff did not give her husband anything to carry on the flight which did not go through airport security screening.  The plaintiff's crime was that, as a CBP officer, she went to the airport boarding gate area (a restricted area) at a time she was not on duty for the purpose of seeing off her bereaved husband who was traveling home.

Plaintiff testified that she had seen other CBP officers go to restricted areas at that same airport when she was assigned to work there. Akinyemi Decl., ¶19. Another CBP officer corroborated the fact that off-duty CBP officers at the airport accessed restricted areas. Plaintiff's Exhibit 21, McPhail Unsworn Declaration, at 142. Given the two scenarios outlined above, it is submitted that Gluba's <u>mere negligent</u> act of failing to secure her computer containing sensitive government information was *objectively* more serious than Akinyemi's <u>intentional</u> act of accessing a restricted area of the airport on December 5, 2005, for the sole purpose of seeing off her bereaved husband.

Nobody knows the extent of the sensitive information which this member of the public obtained through Gluba's computer, information which may seriously harm the interest

of the United States.  Gluba's computer error assumes greater significance when one recalls that she already had a previous incident, as a cashier, in which she either lost or misplaced money entrusted to her. Yet the same CBP management including, Ms. Haage-Gaynor, who was willing to give Gluba a _third_ chance, was swift in terminating Akinyemi without giving her a second chance.

Moreover, in addition to comparable "seriousness", which is the established test, this court imported a new element of "motivation" into its analysis.  Opinion & Order, at 11. Again, this does not represent the law.  The decision in Cruz did not turn on the motivation of one person in using racial slurs and that of the other in employing physical assault. What is crucial is the examination of the context and surrounding circumstances in which the acts are evaluated.  Hargett v. National Westminster Bank, USA, 78 F.3d 836 (2d Cir. 1996).

Finally, this court should have refrained from deciding whether Akinyemi and Gluba are similarly situated, a matter better left for the jury's determination in light of all the facts which will emerge at trial.  See Graham v. Long Island Rail Road, 230 F.3d 34, and the cases collected thereunder.

POINT II

COURT ERRED IN RULING TO PRECLUDE
AT TRIAL THE "UNNAMED COMPARATORS"

With due respect the court's ruling which precludes at trial, evidence of the unnamed comparators is premature. Such an advance ruling defeats the purpose of a motion in limine, which usually precedes a trial but comes after a pretrial order.  In this case, for example, at the administrative stage, CBP submitted evidence which is part of the Investigative File, in which it showed by *race*, "from December, 2003 through December, 2005", the CBP officers who were terminated *during probation* in the New York Field Office.  This Investigative File may be introduced at trial pursuant to FRE 803(6).

The relevant page of the CBP Investigative File (HS-06-CBP-000306-040105), is annexed hereto.  It shows Akinyemi as the only terminated person who is of Nigerian national origin.  Even though the "National Origin" of the four terminated Whites and the one terminated Hispanic is said to be unknown, one does not have to be a Historian or Geographer to know that they are not Nigerian. At any rate the Investigative File shows that the comparators, unlike Akinyemi, are not of Nigerian national origin.  The court

7

therefore erred and acted prematurely in ruling evidence of the unnamed comparators "will be precluded at trial". Opinion and Order, at 4.

The annexed excerpt of the Investigative File reveals something very interesting. The CBP officer identified therein as White clearly is the same officer identified as Employee #6 and #7 in plaintiff's brief in opposition to summary judgment. Even though recommended for a mere two-day suspension for his egregious conduct, Ms. Mitchell eventually gave him a *mere letter of reprimand*.

By contrast, the female employee identified as Black in the Investigative File is the same employee identified as Employee #8 in the plaintiff's opposition brief. This black female employee, who engaged in similar but far less egregious conduct than White Employee #6 was recommended for a *14-day suspension*. Clearly, both employees are non-probationary employees. Is it then a mere coincidence that this Black female was more severely disciplined for similar conduct than her similarly situated White counterpart?

## CONCLUSION

For the reasons stated above, this court should grant n

reconsideration and reargument and, upon reconsideration, reverse its evidentiary rulings and the findings of fact which implicate credibility of the witnesses.

Dated:   New York, New York
         May 5, 2008

                            /s/ K.C. Okoli
                            K.C. OKOLI, ESQ.
                            (KO-7222)
                            Attorney for Plaintiff
                            YEMISI AKINYEMI
                            330 Seventh Avenue
                            15th Floor
                            New York, N.Y. 10001
                            (212) 564-8152

**CERTIFICATE OF SERVICE**

This is to certify that on May 5, 2008, I electronically filed the foregoing MEMORANDUM OF LAW and accompanying NOTICE OF MOTION, using the CM/ECF system, which sent notification of such filing to the following:

JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
5th Floor
New York, New York 10007

Dated:   New York, New York
         May 5, 2008
                            /s/ K.C. Okoli
                            K.C. OKOLI (KO-7222)
                            Attorney for Plaintiff