USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEMISI AKINYEMI,

Plaintiff,

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security,

Defendant.

No. 07 Civ. 4048 (AJP)

~~[Proposed]~~ Pretrial Order

Plaintiff, YEMISI AKINYEMI, and Defendant, MICHAEL CHERTOFF, for their Joint Pretrial Order, herewith respectfully submit the following:

i. Full Caption of Action: As stated above.

ii. Trial Counsel: Schedule A sets forth the names, addresses, telephone numbers, fax numbers and email addresses of the parties' respective trial counsel.

iii. Parties' Statement of Subject Matter Jurisdiction:

Schedule B-1 sets forth in brief, the parties statement as to the basis of subject matter jurisdiction, including citation to statutes.

iv. Statement of Claims and Defenses: A brief summary of the plaintiff's claims is set forth in Schedule C-1. The defendant's statement of the issues to be tried and a summary of defendant's defenses is set forth in Schedule C-2.

v. Jury Trial. The legal issues in this case are to be tried to a jury; issues of equitable relief, including backpay and

frontpay, are to be tried to the Court. The parties estimate that trial will last five (5) days.

vi. <u>Consent to Magistrate:</u> The parties have consented to trial before a Magistrate Judge.

vii. <u>Stipulated Facts</u>. There are no stipulated facts.

viii. <u>Witnesses</u>. Schedule E-1 contains plaintiff's witness list, and defendant's objections thereto. Schedule E-2 is a list of the names and addresses of witnesses to be called at trial by defendant, and plaintiff's objections thereto.

ix. <u>Deposition Testimony to be Offered</u>. Plaintiff will not offer any deposition testimony in his case in chief, but will rely on same for impeachment purposes. Defendant anticipates that its use of deposition transcripts at trial will be limited to refreshing recollection and impeachment.

x. <u>Exhibits</u>. Schedule G-1 is a list of the exhibits plaintiff will offer in evidence at trial and defendant's objections thereto, and Schedule G-2 is a list of the exhibits defendant will offer in evidence at trial and plaintiff's objections thereto.

MEMO ENDORSED 6/4/08

PTO Approved. All objections to witnesses and exhibits will be ruled on at trial (and any of the disputed witnesses has appeared at the trial).

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

BY FAX

Copy fax'd All Counsel

Dated: New York, New York
June 2, 2008

MICHAEL J. GARCIA
United States Attorney
for the Southern District
of New York
Attorney for Defendant

By: [signature]

JOHN D. CLOPPER
SARAH E. LIGHT
Assistant United States Attorneys
86 Chambers Street
3rd Floor
New York, NY 10007
(212)637-2716/2774
john.clopper@usdoj.gov
sarah.light@usdoj.gov

K.C. OKOLI, ESQ.
(KO-7222)
Attorney for Plaintiff
YEMISI AKINYEMI
330 Seventh Avenue
15th Floor
New York, NY 10001
(212) 564-8152

Dated: New York, New York
June __, 2008

MICHAEL J. GARCIA
United States Attorney
for the Southern District
of New York
Attorney for Defendant

By: ______________________________

K.C. OKOLI, ESQ.
(KO-7222)
Attorney for Plaintiff
YEMISI AKINYEMI
330 Seventh Avenue
15th Floor
New York, NY 10001
(212) 564-8152

JOHN D. CLOPPER
SARAH E. LIGHT
Assistant United States Attorneys
86 Chambers Street
3rd Floor
New York, NY 10007
(212)637-2716/2774
john.clopper@usdoj.gov
sarah.light@usdoj.gov

Schedule A

Trial Counsel for Plaintiff

K.C. OKOLI
Attorney at Law
330 Seventh Avenue
15th Floor
New York, New York 10001
Telephone: (212) 564-8152
Fax : (212) 268-3443
Email: kcokoli@verizon.net

Trial Counsel for Defendants

JOHN D. CLOPPER
SARAH E. LIGHT
Assistant United States Attorneys
86 Chambers Street
3rd Floor
New York, New York 10007
Telephone: (212) 637-2716/2774
Fax: (212) 637-0033
Email: john.clopper@usdoj.gov
sarah.light@usdoj.gov

Schedule B-1

Basis of Subject Matter Jurisdiction:

This is an action claiming discrimination in employment on the basis of race, color, and national origin under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Subject matter jurisdiction is based upon 28 U.S.C. § 1331. There is no dispute as to jurisdiction.

Schedule C-1

Plaintiff's Claims on Liability

In the early morning hours of December 5, 2005, plaintiff and her husband received a telephone call from Nigeria informing them of the death of her father in law. Plaintiff then obtained permission at work to go and see off her husband who was traveling to Nigeria that day out of Newark International Airport.

Plaintiff's spouse, who was booked on an Air France flight, told CBP officers at the departure gate area that he was traveling to Nigeria. This information prompted negative comments from one of the officers and more detailed questioning. Plaintiff went from her workplace to the airport where she used her Port Authority issued card to get to the departure gate area, a restricted area not open to off duty officers, and met with her husband. Plaintiff identified her husband to the two CBP officers present there, and collected $150 from him.

As a result of the foregoing incidents, an investigation of plaintiff and her husband was initiated by CBP, and concluded within 15 days resulting in the termination of plaintiff for the aforesaid conduct. Plaintiff contends that not only was her termination discriminatory, the very initiation of the investigation into her said conduct and the manner in which that investigation was conducted, were discriminatory as well.

Plaintiff further contends that other similarly situated CBP

officers were not treated in the same manner, and that the reason for this disparity is because she is Nigerian, Black and African American.  Plaintiff relies on Title VII for her claims.

Schedule C-2

Defendant's Statement of Issue to be Tried and Defenses

Plaintiff claims that she was discriminated against on the basis of race, color, and national origin when her employment with Customs and Border Protection was terminated.

Defendant asserts that plaintiff was not subjected to discrimination of any kind, and that all actions U.S. Customs and Border Protection took with respect to plaintiff were motivated by legitimate, non-discriminatory reasons. Plaintiff was terminated for misconduct during her probationary period of employment.

In addition, defendant notes that plaintiff's complaint asserts a breach of contract claim. That claim has been voluntarily dismissed by plaintiff.

Schedule E-1

Plaintiff's List of Witnesses

1.    Yemisi Akinyemi
      36 Hennesy Place
      Irvington, NJ 07111

      Will testify as to her employment with CBP; the events of
      December 5, 2005; the subsequent interviews/investigation
      into the events of December 5, 2005, including the
      termination of her employment with CBP.  Plaintiff will
      testify to her personal knowledge of CBP employees at the
      Newark International Airport gaining access to restricted
      areas at the airport while off-duty.  She will also testify
      to being present on duty on a summer Saturday at Cape
      Liberty Cruise terminal when Patrick Murphy, who was not on
      duty on that day, showed up and picked up a relation from a
      restrict area of the seaport.  Plaintiff will further
      testify as to how she was treated differently from other
      similarly-situated CBP employees.  Plaintiff will also
      testify as to efforts by her to secure employment since her
      termination, her mental anguish and other damages, as well
      as the effect of the termination of her CBP employment had
      on her and her family's life.

Objections: The Government objects to testimony by this witness
on the topics set forth in the Government's Motion *In Limine* to
Exclude Certain Evidence at Trial, and reserves the right to
object at trial to testimony of this witness with respect to
topics not disclosed in this proposed pretrial order.


2.    Akintunde Olubukola Seweje Akinyemi
      36 Hennesy Place
      Irvington, NJ 07111

      Will testify that on December 5, 2005, he received message
      from Nigeria that his ailing father had died.  He will
      further testify as to his activities on that December 5,
      especially at Newark International Airport.  He will testify
      as to his prior travels to Nigeria from that airport, his
      encounter and interaction with a White male and White female
      CBP officers at the departure gate area of the airport.  He
      will further testify as to his conversation with those
      officers, including the fact that he was an Air France
      passenger traveling to Nigeria, and the comments which Mr.

Jurczak made to him in response to the revelation that he was traveling to Nigeria and was a limo driver. He will testify that based upon this overall interaction with the officers, he believes that Gregory Jurczak, the White male CBP officer unlawfully profiled him as a Nigerian.

Objections: The Government objects, pursuant to Rules 402, 403 and 602 of the Federal Rules of Evidence, to testimony consisting of this witness's speculation regarding the motivations of CBP employees that he encountered on December 5, 2005. The Government also objects to testimony regarding racial profiling by CBP officers because the Court previously ruled that such evidence is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 3 n. 3. The Government also objects, pursuant to Rule 403 of the Federal Rules of Evidence, to testimony by this witness regarding his father's death, other than the fact that the reason for the witness's travel to Nigeria on December 5, 2005 was to attend his father's funeral. The Government further objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.


3.    Brendan McPhail
      United States Customs and Border Protection

Will testify that he had been employed at CBP and its predecessor agency since 1984. He will testify that he had worked at Newark Airport but does not know whether there is a negative perception of Nigerians there because of their identification with drug smuggling. He will further testify that he provided a typed statement under the penalty of perjury during the EEO investigation by CBP of plaintiff's complaint of her discriminatory termination. This witness will further testify as follows: "We profile Nigerians, but not someone who works with us". If this witness testifies contrary to the above, he will be treated as a hostile witness and confronted with his prior inconsistent statement, pursuant to FRE 613(a).

Objections: The Government objects to this witness because plaintiff has proffered no admissible testimony by this witness. As set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, the Government objects to the testimony of Officer McPhail regarding alleged racial profiling under Rules 402 and 403 of the Federal Rules of Evidence. The Government also objects to testimony regarding racial profiling by CBP officers because the Court previously ruled that such

evidence is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 3 n. 3.

In addition, the Government objects to the introduction of Officer McPhail's prior statement that "[w]e profile Nigerians" as inadmissible hearsay. The statement is not an admission of a party-opponent under Rule 801(d)(2) because Officer McPhail was not authorized to make the statement and the issue of racial profiling is not a matter within the scope his employment. The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

4. Joseph Vincent Martella
United States Customs and Border Protection

Will testify to his familiarity with the union representation process at CBP; that he was the representative of the NTEU who represented plaintiff in the investigation which resulted in her termination from CBP. He will further testify that, to his knowledge, other probationary CBP employees who committed more egregious offenses than plaintiff have not been terminated. He will also testify that to his knowledge CBP officers who are considered off duty have accessed restricted areas at the airport i.e. areas not normally accessed by off duty officers or the public. Moreover, he will testify that the CBP Table of Offenses and Penalties apply equally to non-probationary CBP officers as they do to probationary CBP officers. If this witness testifies contrary to the above, he will be treated as a hostile witness and confronted with his prior inconsistent statement, pursuant to FRE 613(a).

Objections: The Government objects to the testimony of this witness under Rules 402, 403, 602, and 801 of the Federal Rules of Evidence. With respect to "other probationary employees who committed more egregious offenses than plaintiff," plaintiff has not shown that Mr. Martella has personal knowledge (not based on inadmissible hearsay) of any such incidents. Plaintiff has also not shown that the unnamed CBP employees who purportedly engaged in the alleged misconduct were similarly situated with plaintiff (to the extent that the unnamed CBP employees are persons other than Patrick Murphy, Sharmila Zaman, or Elba Riley). The Government further objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not

disclosed in this proposed pretrial order.

5. Lenard Angevine
United States Customs and Border Protection

Will testify as to the EEO process at CBP, the kind of documents generated in such process and how these documents are generated and kept. He will also testify as to whether such documents were generated for plaintiff's case at CBP, and whether the "complete investigative file" provided to plaintiff by CBP is such a document. He will further testify as to the circumstances under which he informed Mitchell of the allegations concerning Zaman, Riley and Murphy.

Objections: The Government objects to the testimony of this witness under Rules 402 and 403 of the Federal Rules of Evidence. To the extent that plaintiff intends to elicit testimony regarding the EEO investigation of plaintiff's complaint, such evidence is not relevant to any issue in this case, and plaintiff has no cognizable claim for improprieties in the EEO process. *See Diersen v. Walker*, No. 00 C 2437, 2003 WL 22508182, at *12 (N.D. Ill. Nov. 4, 2003) ("Federal employees do not have a cause of action for a claim that an employer failed to properly process an EEO complaint."); *cf. Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) (holding that "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed to investigatge or process an employment discrimination charge"). In addition, to the extent that plaintiff intends to call this witness in order to elicit testimony regarding out-of-court statements by witnesses, such evidence is inadmissible hearsay. The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

6. Susan T. Mitchell
United States Customs and Border Protection

Will testify as to her involvement in the termination of the plaintiff, her involvement or lack thereof in the discipline of other CBP officers. Specifically, she will testify as to her role in the matter involving Zaman, Riley and Murphy once she became aware of their alleged improper work-place conduct. She will also testify to the nature of the investigation which was conducted into the incident in which a member of the public gained access to sensitive

information in the computer of Jolanta Gluba.  She will also testify to her meeting with Sharmila Zaman (Haq). She will further testify as to when she became aware of the allegation concerning Riley and what action she took as a result.  She will further testify as to her role in the discipline and/or failure to promote claims of other African American or Nigerian-born CBP officers.  If this witness denies her harsher/negative treatment of African American CBP employees, as compared with their non-African American counterparts, rebuttal testimony will be provided through Timothy Sonuga and Nathaniel Lewis, in addition to Plaintiff's Exhibit 1 in this pretrial order.

Objections: The Government objects to testimony by this witness with respect to the topics addressed in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial.  Among other things, the Government objects to the extent that plaintiff intends to elicit testimony regarding "claims of other Nigerian-born CBP officers."  As discussed in the Government's motion, such testimony is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence.  In addition, the evidence of claims by other Nigerian-born CBP officers was not disclosed to the Government as required by Rule 26(a) of the Federal Rules of Civil Procedure and the Court's July 18, 2007 Civil Case Management Plan.  The Government also objects to any testimony regarding Officer Jolanta Gluba. Such evidence was previously ruled inadmissible in this case.  *See* Opinion and Order, dated April 25, 2008, at 12.  The Government reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

7.    Gregory Jon Jurczak
      601 West 26th Street, Suite 700
      New York, New York 10001

      He will testify as to his encounter with the plaintiff and her husband on December 5, 2005, including what comments, if any, he made to plaintiff's husband after he learned that he was traveling to Nigeria.  He will also testify as to why he reported this encounter to his superiors, the reason for the ensuing investigation and his role in that investigation, and the extent and nature thereof.  Plaintiff reserves the right to confront this witness with his prior inconsistent statements.

Objections:  As set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, the Government objects to the testimony of this witness under Rules 402 and 403 of the Federal Rules of Evidence, including testimony regarding racial profiling

of Nigerian passengers or discriminatory conduct toward plaintiff or plaintiff's husband by this witness. The Court previously ruled that such evidence is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 3 n. 3. The Government reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

8. Herbert Herter
United States Custums and Border Protection

Will testify as to his role in the incident leading to the termination of plaintiff. He will also testify to his role in the nature of the discipline which Jolanta Gluba received in connection with the incident in which Gluba left her computer unlocked. He will also testify to his knowledge of the nature of the investigation which was conducted into Gluba's aforesaid incident, and his interaction with Gluba regarding said incident. Plaintiff reserves the right to impeach this witness if his testimony varies from the his prior statements on the subjects.

Objections: The Government objects to any testimony by this witness regarding Officer Jolanta Gluba. Such evidence was previously ruled inadmissible in this case. *See* Opinion and Order, dated April 25, 2008, at 12. The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

9. Gilbert Patrick Murphy
United States Customs and Border Protection

He will testify about his employment with CBP. He will also testify that on a Saturday in the summer of 2005, he went to the Cape Liberty Cruise Terminal to pick up his sister in law who was returning from a cruise. Even though Mitchell claimed that when she learned of plaintiff's allegation that Murphy had picked up his sister in law at the cruise terminal when Murphy was off duty, she verbally asked Ms. Haage-Gaynor to investigate the matter. Murphy will testify that no CBP management personnel ever questioned him regarding this allegation of cruise terminal misconduct on his part. Plaintiff reserves the right to impeach this witness if he testifies contrary to the above.

Objections: The Government objects to testimony of Patrick Murphy on the basis of Rule 402 of the Federal Rules of Evidence. The evidence regarding misconduct by Officer Murphy is relevant only if plaintiff can establish that Officer Murphy entered a restricted area at Newark seaport while off-duty. Officer Murphy denies that the alleged misconduct took place. Plaintiff has not proffered any evidence, by a witness with personal knowledge, that Officer Murphy was off-duty at the time of the alleged incident. The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

10. Elba J. Riley
United States Customs and Border Protection

Will testify as to whether, during her probationary period, she ever went to the departure gate of an airport to see off a relation when she was not authorized to do so. Whether she was ever questioned or investigated regarding such a subject and the result of the investigation. At her deposition, this witness invoked the 5th Amendment privilege against self incrimination and the court sustained that invocation. The law in the Second Circuit is that the 5th Amendment privilege is not available in a civil context where a witness is not likely to be exposed to criminal prosecution for her answer. Diamondstone v. Macaluso, 148 F.3d 113 at 122 (2d Cir. 1998). Since a CBP officer picking up a relation from a restricted area of an airport, without more, is not a crime, an answer to the question will not incriminate Riley in *future criminal proceedings*, even if she were to suffer some adverse employment actions.

Objections: The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

11. Sharmila Zaman
United States Customs and Border Protection

Will testify as to the incident in which she left her official gun at a public toilet at Newark airport and the nature of the investigation and discipline which she received as a result of that incident.

Objections: The Government objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

12. Jolanta Gluba
    United States Customs and Border Protection

    Will testify as to her knowledge of the nature of the investigation which was conducted into the incident in which she left her computer unlocked as a probationary CBP officer. She will also testify as to a prior incident in which she misplaced money entrusted to her care as a Cashier/Student Trainee. She will testify to the discipline which she received on both occasions. This court had previously ruled that it would preclude at trial evidence concerning Gluba, presumably on the ground that she is not similarly situation as plaintiff. <u>See</u> Opinion and Order, dated April 25, 2008, at 11-12. With the passage of some time and in advance of trial, the court may want to take a calm view of the facts and reconsider its ruling on this score, especially in light of Plaintiff's Exhibit 1 which is admissible pursuant to FRE e .

Objections: The Government objects to testimony by this witness. The proffered evidence was previously ruled inadmissible in this case. *See* Opinion and Order, dated April 25, 2008, at 12. The Government further objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

13. Timothy Sonuga
    United States Customs and Border Protection
    New Jersey

    Will testify as to his own experience as a CBP employee, with the discriminatory treatment of African Americans and people of Nigerian national origin by Haage-Gaynor and Mitchell. If the court will not allow this testimony in plaintiff's direct case, it should come in rebuttal to the testimonies of Mitchell and Haage-Gaynor should they deny that they treated African Americans and Nigerians more harshly than those outside their class.

Objections: As set forth in the Government's Motion *In Limine* to

Exclude Certain Evidence at Trial, the Government objects to the testimony of this witness under Rules 402 and 403 of the Federal Rules of Evidence, and because this witness was not disclosed to the Government as required by Rule 26(a) of the Federal Rules of Civil Procedure and the Court's July 18, 2007 Civil Case Management Plan.  The Government reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

14.  Nathaniel Lewis
     United States Customs and Border Protection
     New Jersey

     Will testify as to his own experience as a CBP employee, with the discriminatory treatment of African Americans by Haage-Gaynor and Mitchell. If the court will not allow this testimony in plaintiff's direct case, it should come in rebuttal to the testimonies of Mitchell and Haage-Gaynor should they deny that they treated African Americans more harshly than those outside their class.

Objections: As set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, the Government objects to the testimony of this witness under Rules 402 and 403 of the Federal Rules of Evidence, and because this witness was not disclosed to the Government as required by Rule 26(a) of the Federal Rules of Civil Procedure and the Court's July 18, 2007 Civil Case Management Plan.  The Government reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

15.  Bishop Joseph A. Adedeji
     1108 Grove Street
     Irvington, NJ 07111

     Will testify to his relationship with plaintiff as her spiritual guide; his personal observation of plaintiff as his parishioner will still employed by CBP and in the aftermath of the loss of her CBP job.  The witness will testify as to the help and support which he and his church provided to plaintiff and her family.  Based upon his personal knowledge and close interaction with plaintiff, he will further testimony including offering lay opinion pursuant to FRE 701, 602, concerning plaintiff's appearance and condition after she lost her CBP job.  This witness will not testify as an expert witness.

Objections: The Government objects to the testimony of this

witness with respect to "the help and support which he and his church provided to plaintiff and her family" under Rule 402 and 403 of the Federal Rules of Evidence.  As set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, the Government objects to the testimony of this witness to the extent that plaintiff intends to elicit testimony that is properly the subject of expert testimony under Rule 702 of the Federal Rules of Evidence.  The Government further objects to testimony by this witness on the topics set forth in the Government's Motion *In Limine* to Exclude Certain Evidence at Trial, and reserves the right to object at trial to testimony of this witness with respect to topics not disclosed in this proposed pretrial order.

Plaintiff reserves the right to call at trial any witness listed by the defendant.  This list does not include all the witnesses that the plaintiff may call for impeachment purposes.

Schedule E-2

Defendant's List of Witnesses

* Witnesses who are possible witnesses, but not definite witnesses, are marked with an asterisk.

1. Susan Mitchell

Susan Mitchell will testify about her decision to terminate plaintiff's employment, the discipline of probationary employees and permanent employees, her personal knowledge of airport security procedures, the creation of the Department of Homeland Security and U.S. Customs and Border Protection, and her personal knowledge of career opportunities for former CBP officers.

Objections: Plaintiff objects to the testimony of this witness on 'airport security procedures' as it relates to the Newark International airport on the ground of hearsay. This witness did not work at the airport at the times relevant to this lawsuit, and does not have personal knowledge of actual security procedures at said airport. Plaintiff reserves the right to object to the testimony of this witness in her motion *in limine* to exclude certain evidence at trial, and reserves the right to object at trial to the testimony on subjects not disclosed in this pretrial order.

2. Yemisi Akinyemi

Yemisi Akinyemi will testify about her conduct at the Newark airport on December 5, 2005.

3. Kathleen Haage-Gaynor

Kathleen Haage-Gaynor will testify about her involvement in Susan Mitchell's decision to terminate plaintiff's employment. Ms. Haage-Gaynor will also testify about her involvement in investigating plaintiff's allegations of misconduct by other CBP employees, and her personal knowledge of career opportunities for former CBP officers.

4. Herbert Herter*

Herbert Herter will testify about his involvement in investigating plaintiff's December 5, 2005 conduct at the Newark airport, and his personal knowledge of career opportunities for former CBP officers.

5.    Edward Fox*

Edward Fox will testify about his involvement in investigating plaintiff's December 5, 2005 conduct at the Newark airport.

6.    Mitchell Landau*

Mitchell Landau will testify about his conversations with plaintiff regarding her permission to leave work early on December 5, 2005 to accompany her husband to the Newark airport.

7.    Lorraine Spina*

Lorraine Spina will testify about her involvement in investigating plaintiff's December 5, 2005 conduct at the Newark airport.

8.    Domenic Calise*

Domenic Calise will testify about his involvement in investigating plaintiff's December 5, 2005 conduct at the Newark airport.  If the Court permits testimony regarding plaintiff's allegation of misconduct by Patrick Murphy, Mr. Calise will also testify about plaintiff's allegation that he witnessed the events underlying plaintiff's allegation of misconduct against Patrick Murphy.

9.    Gregory Jurczak*

Gregory Jurczak will testify about the events he witnessed on December 5, 2005 at the Newark airport, and his personal knowledge of career opportunities for former CBP officers.

10.   Alyse Long*

Alyse Long will testify about the events she witnessed on

December 5, 2005 at the Newark airport, and her personal knowledge of career opportunities for former CBP officers.

11.  Sharmila Zaman*

Sharmila Zaman will testify about the events surrounding her discipline for leaving a weapon unattended in a restroom at Newark airport.

12.  Patrick Murphy*

Patrick Murphy will testify about plaintiff's allegation that he used his position of authority to gain access to a restricted area while off-duty at Newark Liberty seaport to meet a relative that was disembarking from a cruise ship.

13.  Elba Riley*

Elba Riley will testify about plaintiff's allegation that she used her position of authority to gain access to a restricted area while off-duty to accompany a relative to the departure gate area of Newark airport.

The defendant respectfully reserves the right to call at trial any witness listed by plaintiff.  This list does not include witnesses that the defendant may seek to call for impeachment purposes.

Schedule G-1

Plaintiff's Trial Exhibits

**Liability**

1. Complete File, U.S. Customs and Border Protection, Yemisi Akinyemi (HS-06-CBP-000306-040105), Final. (Admissible under FRE 803(8)© and 803(6). See Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991); Ridgeway v. Citibank, 201 F.3d 134 (2d Cir. 2000). CBP was required by law to conduct the investigation which resulted in this report. See 29 C.F.R 1614.108. The Government which made the factual findings contained in the report resulting from its investigation made pursuant to authority granted by law cannot now repudiate portions of the report.

Objections: The Government reserves the right to object at trial to individual documents contained within this EEOC investigative file on grounds of admissibility and authenticity. In addition, the Government objects to admission of the complete EEOC investigative file on the grounds that doing so is likely to confuse the jury. Specifically, the jury may mistakenly believe that the fact that an EEOC investigation was conducted is itself evidence of discrimination.

The Government objects to the following documents contained within plaintiff's EEO file, to the extent offered by plaintiff into evidence:

Report of Investigation - This document contains numerous instances of hearsay that do not fall within any exceptions allowing admission. Certain other information contained in the report, including data related to the racial composition of CBP's New York workforce, is irrelevant to any issue in this case.

Pages 003-007 - This document is a hearsay statement that does not fall within any exceptions allowing admission.

Page 009 - This document is a hearsay statement that does not

fall within any exceptions allowing admission.  In addition, the document is not probative of any issue relevant to this case, and is prejudicial.

Pages 010-013 - This document contains numerous instances of hearsay that do not fall within any exceptions allowing admission.  Certain other information, including information relating to Jolanta Gluba, is irrelevant to any issue in this case and has previously been excluded by the Court.

Pages 016-019 - This document contains numerous instances of hearsay that do not fall within any exceptions allowing admission.  Certain other information, including information relating to Jolanta Gluba, is irrelevant to any issue in this case and has previously been excluded by the Court.

Pages 021-025 - This document contains numerous instances of hearsay that do not fall within any exceptions allowing admission.  Certain other information, including information relating to Jolanta Gluba, is irrelevant to any issue in this case and has previously been excluded by the Court.

Pages 038-046 - This document is not probative of any issue in this case.

Pages 047-066 - This document is a hearsay statement by plaintiff that does not fall within any exceptions allowing admission.

Pages 073-075 - This document contains hearsay that does not fall within any exceptions allowing admission.  Specifically, Brendan McPhail's statement that "[w]e profile Nigerians" is hearsay that is not the admission of a party-opponent because CBP's alleged racial profiling is not a matter within the scope of Brendan McPhail's employment.  In addition, the statement is inadmissible because the Court previously held that evidence of racial profiling was not admissible in this case.  *See* Opinion and Order, dated April 25, 2008, at 3 n. 3.  Finally, existence *vel non* of racial profiling by CBP officers of passengers is not probative of any issue in this case because there is no evidence that, even if racial profiling occurred, it caused discriminatory animus toward plaintiff.

Pages 165-186 - These documents, relating to misconduct by persons other than plaintiff or the three comparators, are not admissible by plaintiff to prove discrimination.  The Court has previously ruled that this evidence is not admissible by plaintiff at trial.  *See* Opinion and Order, dated April 25, 2008, at 4.

2. Appendix G General Notice of investigation of alleged "misuse of position" by Yemisi Akinyemi initialed and dated 12/19/05 by plaintiff.

3. Letter of termination dated December 20, 2005, from CBP to Yemisi Akinyemi.

4. CBP memo of the interview of Yemisi Akinyemi conducted on December 19, 2005, signed by plaintiff and M. Calise for Management.

5. Defendant's Discovery documents bates stamped USA0316-USA0321.

Objections: The Government objects to admissibility of these documents on the grounds that they relate to the conduct of CBP Officer Jolanta Gluba. The Court previously ruled that this evidence was inadmissible in this case. *See* Opinion and Order, dated April 25, 2008, at 12.

6. Defendant's Discovery documents bates numbered USA0323-USA0336.

Objections: The Government objects to admissibility of these documents on the grounds that they relate to the conduct of CBP Officer Jolanta Gluba. The Court previously ruled that this evidence was inadmissible in this case. *See* Opinion and Order, dated April 25, 2008, at 12.

7. Defendant's Discovery documents bates numbered USA0344.

Objections: The Government objects to admissibility of this document on the grounds that they relate to the conduct of CBP Officer Jolanta Gluba. The Court previously ruled that this evidence was inadmissible in this case. *See* Opinion and Order, dated April 25, 2008, at 12.

8. Defendant's Discovery documents bates numbered USA0275-USA0282.

9. Defendant's Discovery documents bates numbered USA0284.

10. Defendant's Discovery documents bates numbered USA0431-USA0432.

11. Declaration of Deneise Dungee confirming that the Government no longer has possession of the employee proficiency review of Elba Riley covering the period of her alleged misconduct.

Objections: The Government objects to the admissibility of this document on the basis of Rules 402 and 403 of the Federal Rules of Evidence. This document is a declaration regarding the absence of an employee proficiency review for Elba Riley from agency files. Created in the course of discovery, it has no probative value to any issue in the case. Even if it had probative value, such value would be outweighed by the danger of confusion of the issues and waste of time.

12. Employee Proficiency Review for Elba Riley (Mendez) covering the period prior to October 1, 2005.

Objections: The Government objects to the admissibility of this document on the basis of Rules 402 and 403 of the Federal Rules of Evidence. This document has no probative value with respect to whether Officer Riley was treated differently from plaintiff, or whether Officer Riley engaged in the misconduct alleged by plaintiff. Nor is the document probative of the allegation that Officer Riley's alleged misconduct was ignored by CBP supervisors; the document does not purport to contain an evaluation of Officer Riley's judgment or reports of misconduct.

13. Employee Proficiency Review for Elba Riley (Mendez) covering the period after October 23, 2006.

Objections: The Government objects to the admissibility of this document on the basis of Rules 402 and 403 of the Federal Rules of Evidence. This document has no probative value with respect to whether Officer Riley was treated differently from plaintiff, or whether Officer Riley engaged in the misconduct alleged by plaintiff. Nor is the document probative of the allegation that Officer Riley's alleged misconduct was ignored by CBP supervisors; the document does not purport to contain an evaluation of Officer Riley's judgment or reports of misconduct.

14. Letter of discipline dated February 17, 2004, from CBP to an unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

15.  Letter of discipline dated June 20, 2005, from CBP to an

     unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

16.  Letter of discipline dated December 22, 2004, from CBP to an

     unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

17.  Letter of discipline dated September 20, 2005, from CBP to

     an unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

18.  Letter of discipline dated March 30, 2005, from CBP to an

     unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

19.  Letter of discipline dated April 12, 2005, from CBP to an

     unnamed employee.

Objections: The Government objects to the admissibility of this document on the basis that the Court has previously ruled that it is inadmissible. *See* Opinion and Order, dated April 25, 2008, at 4.

20. Letter of discipline dated January 5, 2006, from CBP to an

   unnamed employee.

Objections: The Government objects to the admissibility of this
document on the basis that the Court has previously ruled that it
is inadmissible. *See* Opinion and Order, dated April 25, 2008, at
4.

21. Letter of discipline dated February 23, 2004, from CBP to an

   unnamed employee.

Objections: The Government objects to the admissibility of this
document on the basis that the Court has previously ruled that it
is inadmissible. *See* Opinion and Order, dated April 25, 2008, at
4.

22. Letter of discipline dated March 2, 2006, from CBP to an

   unnamed employee.

Objections: The Government objects to the admissibility of this
document on the basis that the Court has previously ruled that it
is inadmissible. *See* Opinion and Order, dated April 25, 2008, at
4.

23. CBP Table of Offenses and Penalties applicable as of

   December 2005.

24. National Agreement Between National Treasury Employees Union

   and U.S. Customs Service applicable to CBP employees as of

   December 2005 (Article 27 - Probationary Employees) .

Objections: The Government objects to the admissibility of this
document on the basis of Rules 402 and 403 of the Federal Rules
of Evidence.

25. CBP Directive No. 51735-013 of June 21, 2004 on the subject

   of "Standards of Conduct".

26. Complete Funeral Program for Late Chief John Ajayi Akinleye

   Akinyemi.

Objections:  The Government objects to the admissibility of this

document on the basis of Rules 402, 403, and 901 of the Federal Rules of Evidence.

**Damages/Mitigation of Damages**

27. Plaintiff's 2005 Form 1040.

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

28. Plaintiff's 2006 Form 1040.

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

29. Plaintiff's 2007 Form 1040.

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

30. CBP Exception to SF-50 Approved for Filing in Office Personnel Folder, applicable to plaintiff and authenticated by Robert M. Smith, Assistant Commissioner, Human Resource Management.

31. Salary Table 2005-NY (LEO), Effective January 2005, applicable to CBP officers (2 pages).

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules

of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

32. Salary Table 2006-NY (LEO), Effective January 2006,

applicable to CBP officers (2 pages).

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

33. Salary Table 2007-NY (LEO), Effective January 2007,

applicable to CBP officers (2 pages).

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

34. Bureau of Customs and Border Protection Form AD-334 given to

Plaintiff from May 2005 to November 2005.

35. Job Search Documents from December 2005 to 2007 (Plaintiff's

Discovery documents marked 000001-000146.

Objections: The Government objects to the admissibility of these documents on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury. The Government does not object to the admissibility of these documents for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

36. Letter dated 9/20/06, from Thrift Savings Plan to plaintiff

confirming withdrawal of savings.

Objections: The Government objects to the admissibility of this document on the basis of Rules 402 and 403 of the Federal Rules of Evidence to the extent that plaintiff intends to submit these documents for consideration by the jury.  The Government does not object to the admissibility of this document for consideration by the Court, if liability is established, in determining whether to award equitable remedies.

37.   Official Notification letter dated 10/4/07 to plaintiff,

signed by Amirah Cureton advising of approval of free and

reduced price meals for plaintiff's children. (Evidence

tending to support humiliation and mental anguish)

Objections: The Government objects to the admissibility of this document on the basis of Rules 402, 403, 802 and 901 of the Federal Rules of Evidence.  Evidence that plaintiff's children received free and reduced price meals is not relevant to whether CBP discriminated against plaintiff.  Even if relevant, the evidence is unnecessarily cumulative of other evidence and unduly prejudical because it may tend to cause the jury to reach a verdict based on considerations other than whether plaintiff was the victim of unlawful discrimination.

38.   State of New Jersey Department of Community Affairs

notification of June 8, 2007, advising plaintiff of her

eligibility for supplemental home energy assistance benefit.

(Evidence tending to support humiliation and mental

anguish).

Objections: The Government objects to the admissibility of this document on the basis of Rules 402, 403, 802 and 901 of the Federal Rules of Evidence.  Evidence that plaintiff received a home energy assistance benefit is not relevant to whether CBP discriminated against plaintiff.  Even if relevant, the evidence is unnecessarily cumulative of other evidence and unduly prejudical because it may tend to cause the jury to reach a verdict based on considerations other than whether plaintiff was the victim of unlawful discrimination.

39.   Footprints Family Day Care written confirmation of

withdrawal of plaintiff's children from after school

programs since February 2006. (Evidence tending to support

humiliation and mental anguish).

Objections: The Government objects to the admissibility of this
document on the basis of Rules 402, 403, 802 and 901 of the
Federal Rules of Evidence. Evidence that plaintiff's children
withdrew from after-school programs is not relevant to whether
CBP discriminated against plaintiff. Even if relevant, the
evidence is unnecessarily cumulative of other evidence and unduly
prejudical because it may tend to cause the jury to reach a
verdict based on considerations other than whether plaintiff was
the victim of unlawful discrimination.

40. Offer of employment dated October 17, 2007, from FedEx

Kinko's to Yemisi Akinyemi.

Objections: The Government objects to the admissibility of this
document on the basis of Rules 402 and 403 of the Federal Rules
of Evidence to the extent that plaintiff intends to submit these
documents for consideration by the jury. The Government does not
object to the admissibility of this document for consideration by
the Court, if liability is established, in determining whether to
award equitable remedies.

Plaintiff reserves the right to use any document not listed

above for rebuttal, impeachment and refreshing recollection.

Schedule G-2

Defendant's Trial Exhibits

101. Appendix G, General Notice of Investigation of Yemisi Akinyemi; Appendix L, Kalkine Rights; Appendix H, Weingarten Rights; all signed by Yemisi Akinyemi, dated December 19, 2005 (EEO Investigative File 160-162)

102. Letter of Termination (USA0194-USA0195)

103. SF-52 Personnel Action Requests for Trial Employee Termination of Yemisi Akinyemi, dated December 22, 2005; including cover memo, dated January 13, 2006 (USA0245-USA250)

104. Letter from Yemisi Akinyemi to Lenard H. Angevine(EEO) re termination, dated December 27, 2005 (EEO Investigative File 016-019)

105. Email chain between Lenard H. Angevine (EEO) and Susan T. Mitchell(CBP) re Gluba, Haq and Mendez, dated January 3, 2006 (USA0284-USA0285)

106. Letter from Yemisi Akinyemi to Lois Hoffman(CBP Formal Complaint Center) re addendum to informal complaint filed on December 21, 2005, dated January 12, 2006 (EEO Investigative File 003-007)

107. Individual Complaint of Employee Discrimination filed with the Department of Homeland Security by Yemisi Akinyemi, dated January 16, 2006; received January 17, 2006 (EEO Investigative File 001-002)

Objections: Plaintiff objects to Exhibits 106 and 107 being introduced a separate documents since both are one integral document. Otherwise, plaintiff does not object.

108. Letter from Yemisi Akinyemi to Jayson Ahern (DHS) re termination, hand dated "January 24, 2006;" type dated April 17, 2007 (YA2-YA3)

109. Letter from Yemisi Akinyemi to Lois Hoffman(CBP Formal Complaint Center) re EEO counselor's report, dated January 30, 2006; received on February 7, 2006 (EEO Investigative File 021-025)

110. Unsworn Declaration of Yemisi Akinyemi re Discrimination Complaint, dated March 3, 2006 (EEO Investigative File 047-

065)

111. CBP Officer Position Description, dated October 31, 2003
     (EEO Investigative File 144-149)

112. CBP Table of Offenses and Penalties, including Instructions
     on Use, effective June 21, 2004 (USA0016-USA0031)

113. CBP Table of Offenses and Penalties Instructions on Use,
     effective January 5, 2006 (EEO Investigative File197-199)

114. CBP Delegation Order No. 04-004 (USA0043-USA0047)

115. CBP Directive No. 1440-026;(EEO Investigative File 190-191)

116. CBP Commissioner's Civil Rights Policy Statement, dated
     April 1, 2004 (EEO Investigative File 192)

117. CBP Directive No. 51332-014 (USA0048-USA0050)

118. CBP Directive No. 51332-013 (USA0051-USA0055)

119. CBP Directive No. 51735-013 (USA0032-USA0042)

120. CBP Standard Operating Procedures re Separation of
     Probationary and Trial Period Employees (EEO Investigative
     File 201-205)

121. CBP Acknowledgment of Receipt of Conduct and Security
     Information signed by Yemisi Akinyemi, dated December 29,
     2003 (USA0242)

122. Exceptions to SF-50 for Yemisi Akinyemi (USA0167-USA0174)

123. Notification of Personnel Action for Yemisi Akinyemi, dated
     December, 30 2003 (USA0215).  This document is admissible
     under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.

124. Notification of Personnel Action for Yemisi Akinyemi, dated
     January 13, 2004 (USA0220).  This document is admissible
     under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.

125. Notification of Personnel Action for Yemisi Akinyemi, dated
     January 27, 2004 (USA0216).  This document is admissible

under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.


126. Notifications of Personnel Action for Yemisi Akinyemi, dated
     January 29, 2004 (USA0213; USA0217). This document is
     admissible under Rule 803(6) of the Federal Rules of
     Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.

127. Notification of Personnel Action for Yemisi Akinyemi, dated
     March 3, 2004 (USA0214). This document is admissible under
     Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.


128. Notification of Personnel Action for Yemisi Akinyemi, dated
     May 10, 2004 (USA0204). This document is admissible under
     Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.


129. Notification of Personnel Action for Yemisi Akinyemi, dated
     July 11, 2004 (USA0203). This document is admissible under
     Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.


130. Notification of Personnel Action for Yemisi Akinyemi, dated
     July 26, 2004 (USAO0200). This document is admissible under
     Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible
hearsay and FRE 402 and 403.


131. Notification of Personnel Action for Yemisi Akinyemi, dated
     December 30, 2004 (USA0196). This document is admissible
     under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

132. Notification of Personnel Action for Yemisi Akinyemi, dated January 8, 2005 (USA0197). This document is admissible under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

133. Notification of Personnel Action for Yemisi Akinyemi, dated January 10, 2005 (USA0198 - USA0199). This document is admissible under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

134. Notification of Personnel Action for Yemisi Akinyemi, dated December 22, 2005 (USA0192 - USA0193). This document is admissible under Rule 803(6) of the Federal Rules of Evidence.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

135. CBP Probationary Period Report of Yemisi Akinyemi for the dates of May 12, 2005 through June 25, 2005 (USA0157)

136. Statement of Herbert Herter, dated December 7, 2005 (USA0254-USA0255). This statement is non-hearsay because it is not to be offered for the truth of the matter asserted, but to show its effect on the state of mind of Susan Mitchell, who received the document prior to terminating plaintiff's employment.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

137. Statement of Greg Jurczak, dated December 7, 2005 (EEO Investigative File 152-155). This statement is non-hearsay because it is not to be offered for the truth of the matter asserted, but to show its effect on the state of mind of Susan Mitchell, who received the document prior to terminating plaintiff's employment.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

138. Statement of Yemisi Akinyemi, dated December 9, 2005 (USA0059)

139. Statement of Mitchell Landau, faxed on December 19, 2005 (USA0251). This statement is non-hearsay because it is not to be offered for the truth of the matter asserted, but to show its effect on the state of mind of Susan Mitchell, who received the document prior to terminating plaintiff's employment.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

140. Statement of Alyse Long, undated (USA0252). This statement is non-hearsay because it is not to be offered for the truth of the matter asserted, but to show its effect on the state of mind of Susan Mitchell, who received the document prior to terminating plaintiff's employment.

Objection: Plaintiff objects on the ground of inadmissible hearsay and FRE 402 and 403.

141. Memorandum of Interview with Yemisi Akinyemi, dated December 19, 2005 (USA0257)

142. Federal Career Intern Program, Employment Agreement (USA0243-USA0244)

143. 2005 W-2 Statement of Yemisi Akinyemi(YA174; 000147)

144. 2006 W-2 Statement Yemisi Akinyemi(YA175; 000148)

145. 2005 1040 (U.S. Individual Tax Return) of Yemisi Akinyemi

146. 2006 1040 (U.S. Individual Tax Return) of Yemisi Akinyemi

147. 2007 1040 (U.S. Individual Tax Return) of Yemisi Akinyemi

148. Letter from Thrift Savings Plan re Yemisi Akinyemi savings withdrawal, dated September 20, 2006 (YA177-YA178; 000150-000151)

149. ICOM Incorporated employee statement of wages for Yemisi Akinyemi, dated October 31, 2007 (YA167; 000149)

Plaintiff reserves the right to rely on any of the defendants' exhibits identified above to which no objection has been made.

The Government does not consent to plaintiff's introduction into evidence of the Government's trial exhibits.  Some of the Government's trial exhibits - in particular, documents evidencing plaintiff's out-of-court statements - are inadmissible hearsay if offered by plaintiff, but are non-hearsay under Rule 801(d) of the Federal Rules of Evidence if offered by the Government.

# FAX TRANSMITTAL SHEET

**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** June 4, 2008 **Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| Kenechukwu Chudi Okoli, Esq. | 212-268-3443 |
| John D. Clopper, Esq. | 212-637-0033 |
| | |

## TRANSCRIPTION:

**MEMO ENDORSED 6/4/08**

**PTO approved. All objections to witnesses and exhibits will be ruled on at trial (and only if the disputed witness has appeared at the trial).**