UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

YEMISI AKINYEMI,

         Plaintiff,

         -against-

MICHAEL CHERTOFF, Secretary, Department
of Homeland Security,

         Defendant.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/4/08

07 Civ. 4048 (AJP)

**ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

    Presently before the Court is defendant's motion in limine. (Dkt. No. 61; see also Dkt. No. 62: Gov't Motion in Limine Br.; Dkt. No. 63: Clopper Aff.) For the reasons set forth below, defendant's motion in limine is granted in part and denied in part.

    1.    Evidence re Gluba and the Unnamed Comparators – this Court adheres to its prior decisions precluding such evidence. The motion in limine is granted.

    2.    Evidence as to alleged racial profiling of plaintiff's husband is precluded, for the reasons previously stated. The motion in limine is granted.

    3.    Evidence of bias in the investigation of plaintiff – neither defendant's motion nor plaintiff's Pretrial Order gives the Court sufficient information about what evidence plaintiff will offer in this category. The motion in limine is denied without prejudice to making specific objections to specific evidence at trial.

C:\OPIN\

2

4.      Evidence of alleged discrimination complaints brought by other CBP employees – the Court grants the motion, not for the reasons stated in the motion, but for the objection in the Pretrial Order that neither Mr. Sonuga nor Mr. Lewis were disclosed in plaintiff's Rule 26(a) disclosures. (If defendant is incorrect as to that, plaintiff's counsel should provide the Court with a copy of plaintiff's Rule 26(a) disclosures that identify Sonuga and/or Lewis.)

5.      The parties appear to agree that the issue of backpay and frontpay is for the Court, not the jury. Nevertheless, to avoid re-calling witnesses after the jury's verdict, the Court currently intends to have all the evidence on these subjects come in in front of the jury. Whether the Court will ask the jury to render an advisory decision on these subjects or not can be discussed with counsel at trial.

6.      Bishop Adadeji can describe his observations as to plaintiff's appearane and behavior, but not provide an opinion on plaintiff's mental state. Plaintiff should so instruct Bishop Adadeji, and if the witness goes beyond what is permissible, defendant should object at trial.

## CONCLUSION

Defendant's motion in limine (Dkt. No. 61) is granted in part and denied in part.

SO ORDERED.

Dated:      New York, New York
            June 4, 2008

*[signature]*

Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   Kenechukwu Chudi Okoli, Esq.
                              John D. Clopper, Esq.

C:\OPIN\